## S01A0265. DEAN v. THE STATE.
(546 SE2d 499)

THOMPSON, Justice.

A jury convicted Danny Joe Dean of malice murder and numerous other charges, stemming from the fatal shooting of James L. McCollum.[1] On appeal from the denial of his motion for new trial, Dean challenges: (1) the sufficiency of the evidence to support a conviction on all counts; and (2) the admission of photographs of the victim and the crime scene as unduly prejudicial. Finding no error, we affirm.

Viewed in a light most favorable to the verdict, the evidence showed that Dean and co-defendants Stamey, Dunn and Hyatt went to the victim's house on December 1, 1999, with the intention of breaking into the home to steal drugs. All of the perpetrators were wearing gloves and masks; Dean and Stamey each carried firearms. They gained entry by breaking a back window. Once inside, Dean shot the victim and a guard dog. After exiting the home, all co-defendants went to the home of Dean's father, where they secreted most of the firearms and clothing associated with the crime.

1. When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia,*

---

[1] The crimes took place on December 1, 1999. On March 15, 2000, Dean was charged in a seven-count indictment, along with co-defendants Stamey, Harrington, Hyatt, and Dunn, with malice murder, two counts of felony murder predicated on the underlying felonies of burglary and armed robbery, criminal attempt to commit armed robbery, burglary, conspiracy to commit armed robbery, and conspiracy to possess marijuana in an amount greater than one ounce. Co-defendant Stamey entered a plea of guilty to one count of felony murder; co-defendants Harrington and Hyatt pled guilty to conspiracy to possess marijuana. Dean was tried jointly with co-defendant Dunn. Trial commenced on June 5, 2000 on June 9, 2000, Dean was convicted of all seven counts. He was sentenced on June 14, 2000, to life imprisonment for malice murder, and consecutive sentences totaling 40 years. The felony murder convictions merged into the malice murder conviction, and the criminal attempt to commit armed robbery merged into the conspiracy to commit armed robbery conviction for sentencing purposes.

443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence. *Cimildoro v. State*, 259 Ga. 788 (387 SE2d 335) (1990). Dean points to alleged inconsistencies in the evidence and the lack of credibility of his co-defendants' testimony as indications that the verdict below is unsupportable. However, "resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court." *Hampton v. State*, 272 Ga. 284, 285 (527 SE2d 872) (2000).

Specifically, co-defendant Stamey testified that Dean actively participated in the planning and execution of the break-in, and actually fired the shots that killed the victim. Co-defendant Harrington testified that he overheard Stamey and Dean joke about killing the victim. Co-defendant Hyatt confirmed Dean's presence at the crime scene, as well as the inculpatory actions taken by all co-defendants in the wake of the shooting. The testimony was not contradictory; instead each co-defendant clearly implicated Dean as having planned and executed the plot. Having reviewed the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found defendant guilty of the crimes charged. *Jackson v. Virginia*, supra.

2. Pre-autopsy photographs are generally admissible if illustrative of relevant facts, including the nature and extent of the wounds suffered by the victim and the location of the body at the crime scene. *Heidler v. State*, 273 Ga. 54, 59 (6) (537 SE2d 44) (2000); *Floyd v. State*, 272 Ga. 65, 68 (4) (525 SE2d 683) (2000). Dean alleges that several photographs of the body taken at the crime scene were redundant, resulting in undue prejudice. However, photographs that are relevant and material are admissible, even if somewhat duplicative. *Jackson v. State*, 270 Ga. 494, 498 (8) (512 SE2d 241) (1999). Although the trial court found similarities in the photographs, it concluded that they were sufficiently distinct to warrant admission. The trial court enjoys broad discretion in balancing the probative and prejudicial nature of crime scene photographs; we find no abuse of that discretion here. See *Taylor v. State*, 271 Ga. 629, 630 (2) (523 SE2d 322) (1999); *Hayes v. State*, 268 Ga. 809, 812 (493 SE2d 169) (1997); *Crozier v. State*, 263 Ga. 866, 867 (440 SE2d 635) (1994).

*Judgment affirmed. All the Justices concur.*

DECIDED MAY 7, 2001.

*Avrett, Ponder & Withrock, William B. Barnwell*, for appellant.
*Kermit N. McManus, District Attorney, Thurbert E. Baker, Attor-*

*ney General, Paula K. Smith, Senior Assistant Attorney General, Ruth M. Bebko, Assistant Attorney General*, for appellee.

