A03A0737. MILTON v. THE STATE.
(577 SE2d 862)

BLACKBURN, Presiding Judge.
Following his conviction by a jury of aggravated assault, Anthony Pierre Milton appeals, arguing that the evidence was insufficient to support the jury's verdict. Finding the evidence sufficient, we affirm.

When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*.[1] This Court does not reweigh evidence or resolve conflicts in testimony; instead, evidence is reviewed in a light most favorable to the verdict, with deference to the jury's assessment of the weight and credibility of the evidence. . . . [R]esolving evidentiary conflicts and

---

[1] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

inconsistencies, and assessing witness credibility, are the province of the factfinder, not this Court.

(Punctuation omitted.) *Dean v. State.*[2]

Viewed in the light most favorable to the verdict, the record shows that in the early evening of August 1, 2000, Cynthia Turner received a telephone call from Milton, who asked if he could come over to her apartment. Turner, who had broken off their relationship the week before, told Milton that she was too tired to see him and asked him not to call back.

At approximately 11:00 p.m., Turner was awakened by the ringing of her doorbell. Before she could reach the door, Milton, who had a key to her apartment, entered her living room. Milton said he wanted to talk. The two talked for a while, and then Milton got up and began looking around the apartment. When Turner asked him what he was looking for, Milton said he was looking for the key to his apartment which he had given to Turner. Turner retrieved a grocery bag in which she had collected Milton's belongings, including his key, and handed it to Milton. Milton stared at Turner for a moment and then punched her in the face. Turner fell to the floor. As she lay there, Milton pulled a .38 revolver from his pocket and aimed it at Turner. Turner held up her hand and Milton fired; the bullet went through the palm of her hand and lodged in her shoulder. Turner fell back and lay motionless, her eyes closed. Milton stood over her for a few moments and then left.

After Milton's departure, Turner called 911 and told the operator that Milton had shot her and asked that help be sent before he returned and killed her. Milton was apprehended at gunpoint trying to flee in his car. A .38 revolver was found under the seat of the car. Milton admits that he was in Turner's apartment and had the handgun, but maintains that the gun went off by accident.

A person commits the offense of aggravated assault when he assaults with a deadly weapon. OCGA § 16-5-21. The jury was free to believe or disbelieve Milton's story that the shooting happened by accident. The evidence was sufficient for a rational trier of fact to find Milton guilty beyond a reasonable doubt of the crime of aggravated assault.

*Judgment affirmed. Ellington and Phipps, JJ., concur.*

DECIDED FEBRUARY 13, 2003.

*Samuel G. Oliver*, for appellant.

---

[2] *Dean v. State*, 273 Ga. 806-807 (1) (546 SE2d 499) (2001).

*J. Thomas Durden, Jr., District Attorney, John B. Cloy, Assistant District Attorney*, for appellee.