### A03A0341. BOGGS v. THE STATE.
(581 SE2d 722)

MIKELL, Judge.

After a jury trial, Robert Boggs was convicted of voluntary manslaughter and was sentenced to serve ten years in confinement and five on probation. On appeal, Boggs argues that his conviction must be reversed because the trial court refused to give one of his written requests to charge. For reasons provided below, we affirm.

On the eve of trial, Boggs's counsel filed a motion to dismiss, arguing that Boggs was immune from prosecution under OCGA § 16-3-24.2, which provides that "[a] person who uses threats or force in accordance with Code Section 16-3-23 or 16-3-24 shall be immune from criminal prosecution therefor unless any deadly force used by such person utilizes a weapon the carrying or possession of which is unlawful by such person under Part 2 or 3 of Article 4 of Chapter 11 of this title." OCGA § 16-3-23 governs the use of force in defense of habitation, and OCGA § 16-3-24 governs its use in defense of real property other than a habitation or personal property. In his motion, Boggs claimed that the victim attacked him in a violent and tumultuous manner as he was attempting to drive away from his home and that he used such force that he reasonably believed was necessary to prevent the car jacking or assault against him. On the following day during pretrial, counsel agreed that the trial judge would decide Boggs's motion to dismiss based upon the discovery package, which included Boggs's statements, witness interviews, and police summaries, and arguments from counsel.

In Boggs's statement, he admitted that he exited his car and stabbed the victim. He explained that because of his previous encounters with the victim, he was scared and "was just trying to defend myself and trying to get him off of me. I keep the knife in my front seat because I use it to open my trunk. I'm 37 years old, and who wants to fight a 15-year-old boy? I tried to avoid him as much as possible. I was in fear that [the victim] was trying to hurt me. . . . I was in fear for myself and Donna and the kids, too." The witnesses who were interviewed stated that the victim and Boggs had been arguing most of that day. The victim opened Boggs's car door, and Boggs exited the car and stabbed him.

The trial court denied the motion to dismiss, finding that Boggs was acting in self-defense, not in defense of his car in accordance with OCGA § 16-3-23. The court also found that based upon the witness statements, the victim was trying to get away when the stabbing occurred and stated that "arguably the record shows that as a matter of law, the immunity statute would not be triggered, even if a prima facie was made." Boggs did not appeal the trial court's ruling.

The trial proceeded and the court charged the jury on justification, self-defense, use of force in defense of habitation, and excessive force but refused to give Boggs's requested charge on the immunity statute. Boggs now argues that the failure to charge the immunity statute as an affirmative defense was erroneous.

In pertinent part, OCGA § 16-3-24.2 provides that "[a] person who uses threats or force in accordance with Code Section 16-3-23 or 16-3-24 shall be immune from criminal prosecution therefor." When we construe a statute, "our goal is to determine its legislative pur-

pose. In this regard, a court must first focus on the statute's text."[1] "If the plain language of the statute is susceptible of only one meaning, courts must follow that meaning unless to do so would produce contradiction or absurdity."[2] If the statute is plain and unambiguous, "we must give its words their plain and ordinary meaning, except for words which are terms of art or have a particular meaning in a specific context."[3]

According to Black's Law Dictionary, one who is immune is exempt or free from duty or penalty,[4] and prosecution is defined as "[a] criminal action; a proceeding instituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime."[5] Therefore, by the plain meaning of these terms and the other language in the statute, the statute must be construed to bar criminal proceedings against persons who use force under the circumstances set forth in OCGA § 16-3-23 or § 16-3-24. Further, as the statute provides that such person "shall be immune from criminal prosecution," the decision as to whether a person is immune under OCGA § 16-3-24.2 must be determined by the trial court before the trial of that person commences. We find that the trial court did not err in refusing to charge OCGA § 16-3-24.2 since it had determined the question of immunity as a matter of law before the commencement of trial.

*Judgment affirmed. Johnson, P. J., and Eldridge, J., concur.*

DECIDED MAY 2, 2003.

*Carl P. Greenberg*, for appellant.
*Paul L. Howard, Jr., District Attorney, Anne E. Green, Assistant District Attorney*, for appellee.

---

[1] *Busch v. State*, 271 Ga. 591, 592 (523 SE2d 21) (1999).
[2] (Citation omitted.) *Sizemore v. State*, 262 Ga. 214, 216 (416 SE2d 500) (1992).
[3] (Citations omitted.) *Hillman v. State*, 232 Ga. App. 741 (1) (a) (503 SE2d 610) (1998).
[4] Black's Law Dictionary (5th ed.), p. 676.
[5] Id. at p. 1099.