A08A2188. CAMPBELL v. THE STATE.

(677 SE2d 312)

</div>

BARNES, Judge.

Kenneth Lee Campbell appeals his convictions for felony involuntary manslaughter and possession of a knife during the commission of a crime. Campbell contends the trial court erred by denying his request for a pre-trial determination of whether he was immune from prosecution under OCGA § 16-3-24.2, and erred by refusing to give his requested charge on immunity based upon this Code section. Campbell also contends the trial court erred by declining to sentence him for misdemeanor involuntary manslaughter under the rule of lenity and further contends the evidence was insufficient to establish his guilt. For the reasons stated below, we affirm.

1. Campbell was convicted of felony involuntary manslaughter (OCGA § 16-5-3 (a)), possession of a knife during the commission of

---

a crime, and one count of misdemeanor involuntary manslaughter by causing the victim's death in the commission of a lawful act in an unlawful manner. See OCGA § 16-5-3 (b). He contends the evidence was insufficient to enable a rational trier of fact to find him guilty beyond a reasonable doubt of the crimes alleged in the indictment. After reciting the standard of review from *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), his entire argument states that "[a]pplication of the particular facts in the case at bar, discussed above, to the law logically mandates the conclusion that Appellant's convictions for all three counts of the indictment must be reversed." Pretermitting whether this argument is legally sufficient, see *Craig v. State*, 205 Ga. App. 856 (2) (424 SE2d 902) (1992) (arguments merely restating or rephrasing enumerations of error are insufficient); *Hunter v. State*, 201 Ga. App. 9, 9-10 (2) (410 SE2d 204) (1991) (conclusory arguments are insufficient to raise justiciable issues), we will address the sufficiency of the evidence.

"When evaluating the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, [supra]." *Dean v. State*, 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination as to the proper weight and credibility to be given the evidence. Id. at 807 (1). It is the function of the jury, not this Court, to assess the credibility of the witnesses, to resolve any conflicting evidence, and to determine the facts. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001).

Viewed in that manner, the record shows that Campbell, who had been drinking, was involved in an altercation about money with the victim, at the victim's home. The victim's wife heard a door slam and her husband yelling at Campbell. The witness who brought Campbell to the victim's home testified that the victim and Campbell were fighting, and the victim jumped on Campbell's back and began hitting him. After Campbell and this witness drove away, Campbell said that he hoped the victim did not die. Later, Campbell told another person that he thought he had killed someone.

During the altercation, the victim received a stab wound to the heart that resulted in his death. Post-mortem testing of the victim's blood showed that he had a blood alcohol level of 0.097 and that he had methamphetamine in his system. Later, a knife with a six and five-eighth inch blade was taken from Campbell.

Campbell was indicted for felony involuntary manslaughter by

> unlawfully . . . while in the commission of an unlawful act, to-wit: reckless conduct, (OCGA § 16-5-60), which is a misdemeanor caus[ing] the death of the [victim], a human

being without any intention to do so when said accused caused bodily harm to said victim by consciously disregarding a substantial and unjustifiable risk such that his act of having an exposed knife in his hand while intoxicated during a confrontation with another intoxicated person would cause the harm to [the victim] and that said disregard constituted a gross deviation from the standard of care that a reasonable person would exercise in that situation.

This evidence was sufficient to establish Campbell's guilt of the crimes for which he was convicted beyond a reasonable doubt.

2. In *Fair v. State*, 284 Ga. 165, 166 (1) (664 SE2d 227) (2008), our Supreme Court held that a trial court must rule on a motion for immunity prior to trial and in doing so approved our decision in *Boggs v. State*, 261 Ga. App. 104, 106 (581 SE2d 722) (2003), stating that "the decision as to whether a person is immune under OCGA § 16-3-24.2 must be determined by the trial court as a matter of law before the trial of that person commences." (Punctuation omitted.) *Fair v. State*, supra, 284 Ga. at 166 (1). This Code section provides that

[a] person who uses threats or force in accordance with Code Section 16-3-21 [use of force in defense of self or others], 16-3-23 [use of force in defense of habitation], 16-3-23.1 [no duty to retreat], or 16-3-24 [use of force in defense of property other than a habitation] shall be immune from criminal prosecution therefor unless in the use of deadly force, such person utilizes a weapon the carrying or possession of which is unlawful by such person under Part 2 or 3 of Article 4 of Chapter 11 of this title.

The record shows that Campbell filed a motion under OCGA § 16-3-24.2 seeking a determination that he was immune from prosecution. Under our law, Campbell was entitled to a pre-trial ruling on his motion, *Boggs v. State*, supra, 261 Ga. App. at 106, and the transcript shows that before the start of his trial the trial court denied his motion, but without a hearing. Accordingly, Campbell's contention that the trial court erred by not ruling on his motion is without merit, and Campbell does not contend that the trial court erred by not holding a hearing.

In any event, even though he had a right to a hearing and a pre-trial ruling on his motion, Campbell's conduct at trial waived any objection he might have had because counsel immediately changed his focus to argue that "the case law holds clearly that [the trial court] must tell me before the trial whether or not I'm going to

be entitled to an instruction on the immunity statute," and he did not argue that Campbell was entitled to a hearing on his motion. *Lovelace v. State*, 269 Ga. App. 272, 273 (2) (603 SE2d 784) (2004); *Whisnant v. State*, 178 Ga. App. 742, 744 (2) (344 SE2d 536) (1986). Accordingly, this enumeration of error is without merit.

3. Campbell next alleges that the trial court erred by failing to give his requested charge on immunity pursuant to OCGA § 16-3-24.2. His requested charge stated that

> [a] person who uses threats or force in accordance with OCGA § 16-3-21, 16-3-23, 16-3-23.1, or 16-3-24, shall be immune from criminal prosecution therefor[ ], unless in the use of deadly force, such person utilizes a weapon the carrying or possession of which is unlawful by such person under Paragraph 2 or 3 of Article 4 of Chapter 11 of this Title.

There was no error in refusing to give this charge. As noted above, the issue of immunity under this Code section is a question of law for the trial court to decide, not the jury. *Boggs v. State*, supra, 261 Ga. App. at 105. Therefore, any instruction on this issue had the potential to mislead the jury, and the trial court did not err by refusing to give this charge. See *Smith v. State*, 265 Ga. App. 756, 758 (3) (596 SE2d 13) (2004); *Lewis v. State*, 214 Ga. App. 830, 833 (3) (449 SE2d 535) (1994).

4. Campbell further contends the trial court erred by not sentencing him under the rule of lenity for misdemeanor involuntary manslaughter, see OCGA § 16-5-3 (b), rather than felony involuntary manslaughter under OCGA § 16-5-3 (a). OCGA § 16-5-3 defines both crimes of involuntary manslaughter:

> (a) A person commits the offense of involuntary manslaughter in the commission of an unlawful act when he causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony. A person who commits the offense of involuntary manslaughter in the commission of an unlawful act, upon conviction thereof, shall be punished by imprisonment for not less than one year nor more than ten years.
>
> (b) A person commits the offense of involuntary manslaughter in the commission of a lawful act in an unlawful manner when he causes the death of another human being without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm. A person who commits the offense of

involuntary manslaughter in the commission of a lawful act in an unlawful manner, upon conviction thereof, shall be punished as for a misdemeanor.

The rule of lenity does not apply in this case because the rule

applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment. *McClellan v. State*, 274 Ga. 819, 820 (1) (b) (561 SE2d 82) (2002). However, the rule does not apply when the statutory provisions are unambiguous. *Salinas v. United States*, 522 U. S. 52, 66 (III) (118 SC 469, 139 LE2d 352) (1997). See also *United States v. Shabani*, 513 U. S. 10, 17 (II) (115 SC 382, 130 LE2d 225) (1994) ("The rule of lenity, however, applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute.").

*Banta v. State*, 281 Ga. 615, 617-618 (2) (642 SE2d 51) (2007). The two subsections of this Code section do not define the same offense. Felony involuntary manslaughter is committed when one causes the death of another human being without any intention to do so by the commission of an unlawful act other than a felony. Misdemeanor involuntary manslaughter, however, is committed when one causes the death of another human being without any intention to do so, by the commission of a lawful act in an unlawful manner likely to cause death or great bodily harm. Thus, the two crimes do not address the same criminal conduct, and no ambiguity is created by different punishments being set forth for the same crime. Consequently, the rule of lenity does not apply.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED FEBRUARY 19, 2009 —
RECONSIDERATION DENIED APRIL 8, 2009 ▮▮▮▮▮▮▮▮▮▮

*Christopher G. Paul, William T. Elsey*, for appellant.
*T. Joseph Campbell, District Attorney, Allen R. Knox, Assistant District Attorney*, for appellee.