A08A2053. LIGHTNING et al v. THE STATE.
(676 SE2d 780)

BARNES, Judge.

Azizud Deen Lightning and his brother Forrest Mateen Lightning (collectively "the Lightnings") appeal their convictions for aggravated assault and simple battery. They contend the trial court erred by denying their motion for a hearing under OCGA § 16-3-24.2 seeking immunity from prosecution, by making certain charging errors, by denying their motion to be sentenced under the rule of lenity, and by denying their motion for a new trial. Finding no reversible error, we affirm.

When reviewing a criminal conviction, this court reviews the evidence in the light most favorable to the jury's verdict, and gives deference to the jury's determination of the proper weight and credibility to be given the evidence. *Butler v. State*, 273 Ga. 380, 382 (1) (541 SE2d 653) (2001). Viewed in that light, the evidence shows that when the victim and his friend came to the Lightnings' residence, the victim was playing his car radio very loudly. After visiting for a while, the victim went to his truck for cigarettes and when he returned he and Azizud began arguing about the loud radio. According to a witness, Azizud told the victim to leave his house, but the victim denied this.

The argument became a fight. The victim thought Azizud was just joking until suddenly, out of nowhere, Azizud hit the victim in the face. Another man began choking the victim from behind, and he fell to the floor. Azizud straddled his arms and legs and Forrest kicked him in the head. The Lightnings and another man began stomping, kicking, and punching the victim. At some point the victim lost consciousness and when he woke and began to get up, Azizud knocked him down again. He rose again and Azizud told Forrest to leave the victim alone. The victim's face was bleeding, and Azizud told him to leave.

The victim and his friend left and the next day the victim's brother took him to the emergency room. A doctor testified that the victim had a fractured nose and jaw that required surgery to repair.

The victim also had black eyes and multiple bruises on his arms and legs. Photographs of the victim's face depicting his injuries when he arrived at the hospital were introduced in evidence. The victim continued to have pain and numbness in his jaw at the time of the trial.

Forrest testified that he was trying to break up a fight between the victim and his brother Azizud when the victim hit him. He denied kicking the victim. Azizud testified that he spoke with the victim about not playing his radio so loud, but the victim said he would do what he wanted to and grabbed Azizud's shoulder hard, causing him pain. Azizud testified he pushed the victim's hand away and told him to leave. Then he pushed the victim, causing him to fall over a cooler and strike his head on the rail. According to Azizud, the victim then hit him and they began fighting. When Forrest and another person tried to break up the fight, the victim hit Forrest. The fight stopped and Azizud again told the victim to leave, but the victim came toward him again. Azizud grabbed him by the pants leg, causing the victim to flip and hit his face on the floor. Azizud testified that no one kicked the victim in the face.

After being charged on the applicable law and hearing the argument of counsel, the jury found Azizud and Forrest guilty of aggravated assault and battery.

1. The Lightnings first contend the trial court erred by denying their motion for a hearing under OCGA § 16-3-24.2 seeking a grant of immunity. The record shows that two days before the trial began, the Lightnings filed a motion titled "Motion for Grant of Immunity From Criminal Prosecution" that included a request for a hearing. On the morning of trial, the Lightnings asked the court to determine whether they were entitled to immunity and if not, whether they were entitled to an immunity charge.

OCGA § 16-3-24.2 provides:

A person who uses threats or force in accordance with Code Section 16-3-21 [use of force in defense of self or others], 16-3-23 [use of force in defense of habitation], 16-3-23.1 [no duty to retreat], or 16-3-24 [use of force in defense of property other than a habitation] shall be immune from criminal prosecution therefor unless in the use of deadly force, such person utilizes a weapon the carrying or possession of which is unlawful by such person under Part 2 or 3 of Article 4 of Chapter 11 of this title.

In *Fair v. State*, 284 Ga. 165, 166 (1) (664 SE2d 227) (2008), our Supreme Court held that a trial court must rule on a motion for immunity before trial. In doing so, the court approved our decision in

*Boggs v. State*, 261 Ga. App. 104, 106 (581 SE2d 722) (2003), stating that "the decision as to whether a person is immune under OCGA § 16-3-24.2 must be determined by the trial court [as a matter of law] before the trial of that person commences." This principle was reaffirmed in *Millen v. State*, 267 Ga. App. 879, 883 (2) (b) (600 SE2d 604) (2004).

The trial court has the duty to determine before trial whether a person is immune from prosecution based on OCGA § 16-3-24.2. As we said in *Boggs*:

> According to Black's Law Dictionary, one who is immune is exempt or free from duty or penalty, [cit.] and prosecution is defined as "(a) criminal action; a proceeding instituted and carried on by due course of law, before a competent tribunal, for the purpose of determining the guilt or innocence of a person charged with crime." Therefore, by the plain meaning of [immune from prosecution] and the other language in the statute, the statute must be construed to bar criminal proceedings against persons who use force under the circumstances set forth in OCGA § 16-3-23 or § 16-3-24. Further, as the statute provides that such person "*shall* be immune from criminal prosecution," the decision as to whether a person is immune under OCGA § 16-3-24.2 must be determined by the trial court [as a matter of law] before the trial of that person commences.

(Footnote omitted; emphasis supplied.) Id. at 106. Moreover, "[a]s a potential bar to criminal proceedings which must be determined prior to a trial, immunity represents a far greater right than any encompassed by an affirmative defense, which may be asserted during trial but cannot stop a trial altogether." *Bunn v. State*, 284 Ga. 410, 413 (3) (667 SE2d 605) (2008). The trial court has the duty to determine before trial whether to dismiss a case based upon an evidentiary hearing on the issue of self-defense under OCGA § 16-3-24.2. *Fair v. State*, supra, 284 Ga. at 166 (1).

Nevertheless, in this case the Lightnings waived any error arising from the trial court's failure to determine whether to dismiss the case because they did not seek a ruling on the motion prior to trial. Instead, they stated to the trial court that they were ready for trial "subject to two motions in limine," which they agreed the court could hear after the jury was selected.

After a discussion, counsel for the Lightnings stated:

> I presume and I'm sure I presume correctly that you have no intention of dismissing this case under this motion.

Assuming that this is correct, then the least I would ask for is that your agreement prior to the beginning of this trial that I am indeed entitled to an instruction to the jury from that case, I mean, from that legislation, which is [OCGA § 16-3-24.2], as amended July 21st, 2006.

The trial court found no basis in the statute or case law giving it "the right to completely dismiss a case based upon an evidentiary hearing on the limited issue of self-defense," but determined that if the Lightnings presented as much evidence as their counsel's client did in a particular previous case it would give a charge of self-defense. The Lightnings said:

[L]et me make it easy what my position is. I'm disappointed that you're not going to dismiss it but secondly, that I would accept at this stage that if you say that if the evidence supports self-defense within the confines of [OCGA § 16-3-24.2] then you will give me that instruction that will suit me just fine in this case. I will take that as a minimum.

The court said if the defendants presented evidence of self-defense, it would charge on self-defense and would consider during the trial whether to charge language that a person who uses threats or force in accordance with the principles of self-defense "shall be immune from criminal prosecutions." After further colloquy on policy considerations and legislative intent defense counsel stated, "I would be happy if you would just say I'll listen to the evidence carefully and at the charge conference I'll go back over it again." The court affirmed that it would do so, and defense counsel responded, "That doesn't comply with my understanding of the statute but rather than go where I know you're not going to go anyway and then I'll be happy to fold my tent at that stage, at this stage. . . ."

By focusing upon receiving a jury instruction on self-defense rather than obtaining a ruling from the trial judge on their motion, the Lightnings acquiesced in the trial court's ruling. "A party cannot submit to a ruling or acquiesce to it (or, as here, solicit it), then complain about the ruling on appeal. [Cit.]" *Boone v. State*, 229 Ga. App. 379, 381 (4) (494 SE2d 100) (1997). A party "must stand his ground. Acquiescence deprives him of the right to complain further. [Cit.]" *Whisnant v. State*, 178 Ga. App. 742, 744 (2) (344 SE2d 536) (1986).

2. The Lightnings next contend the trial court erred by refusing to give their requested charge number two, based upon *Henderson v. State*, 227 Ga. 68, 83-84 (a) (179 SE2d 76) (1970), that

> [o]ne who is assaulted by another need no longer stop and determine whether assault constitutes attempt to commit a felony upon him, or a mere misdemeanor upon him, but may use such force in defense of his person, as seems to him to be necessary, even though such force may be intended to, or likely will, cause death or great bodily harm to the other.

The trial court denied the request to charge because it found that the principle of law embodied in it was contained in the basic charge on justification. The charge on justification stated:

> The fact that a person's conduct is justified is a defense to prosecution for any crime based upon that conduct. The defense of justification can be claimed when a person's conduct is justified under the law. I will now give you further instructions as to justification. A person is justified in threatening or using force against another person when and to the extent that he reasonably believes that such threat or force is necessary to defend himself or a third person against the other's imminent use of unlawful force. A person is justified in using force that is intended or likely to cause great bodily harm only if that person reasonably believes that such force is necessary to prevent great bodily harm to himself or to a third person. A person is not justified in using force if that person initially provokes the use of force against himself with the intent to use such force as an excuse to inflict bodily harm upon the assailant or if that person was the aggressor or was engaged in a combat by agreement unless the person withdraws from the encounter and effectively communicates his intent to withdraw to the other person, and the other person still continues or threatens to continue the use of unlawful force.

We find no error. It is a fundamental rule in this state that jury instructions must be considered as a whole in determining whether there was error in the charge. *Hambrick v. State*, 256 Ga. 688, 690 (353 SE2d 177) (1987). The Lightnings do not allege any error in this part of the justification charge, and the only significant difference between it and the requested charge is that the latter informed the jury that "one who is assaulted by another need *no longer* stop and determine whether assault constitutes attempt to commit a felony upon him, or a mere misdemeanor upon him. . . ." (Emphasis supplied.) Because nothing shows that the jury was aware of the prior law, the failure to advise them of this change could not have harmed the Lightnings. The refusal to give a requested charge is error only

if the request made is a correct statement of law that is pertinent and material to an issue in the case and contains information not substantially covered by the charge actually given. *Carter v. State*, 263 Ga. 401, 403 (4) (435 SE2d 42) (1993). Moreover, language used by appellate courts in decisions may embody sound law, but it is not always proper to use such language in a charge to the jury. *Dept. of Transp. v. Hillside Motors*, 192 Ga. App. 637, 640 (385 SE2d 746) (1989). We find no error.

3. The Lightnings also contend the trial court erred by refusing to give their requested charge defining criminal trespass. See OCGA § 16-7-21. They contend this charge was warranted because the victim committed a crime by staying after Azizud told him several times to leave. No one was charged with criminal trespass, however, and the charge as requested merely defined the offense. It was not tailored to the evidence and could easily have confused the jury. A trial court does not err by refusing to give a requested charge which, as crafted, creates a fair risk of confusing or misleading the jury. *Buckalew v. State*, 249 Ga. App. 134, 138 (5) (547 SE2d 355) (2001); *Jones v. State*, 200 Ga. App. 519, 521 (2) (c) (408 SE2d 823) (1991).

4. The Lightnings further contend the trial court erred by refusing to give their requested charge on OCGA § 16-3-24.2 as written rather than merely referring to the Code section. We find no error. This Code section provides no information necessary for the jury to determine whether the Lightnings were guilty of the crimes alleged. Whether they were entitled to immunity from prosecution was an issue of law for the trial court to decide, not the jury. See *Boggs v. State*, supra, 261 Ga. App. at 106; *Sanders v. State*, 212 Ga. App. 832 (2) (442 SE2d 923) (1994). Therefore, any instruction on this issue had the potential to mislead the jury, and the trial court did not err by refusing to give this charge. See *Smith v. State*, 265 Ga. App. 756, 758 (3) (596 SE2d 13) (2004); *Lewis v. State*, 214 Ga. App. 830, 833 (3) (449 SE2d 535) (1994).

5. The Lightnings further contend the trial court erred by charging, over their objection, that by claiming self-defense they admitted doing the acts charged. They assert that by giving this charge the trial court instructed the jury that they had admitted kicking the victim in the head, which they denied doing. The charge given informed the jury that

the defendants have raised what is called an affirmative defense. An affirmative defense is a defense that admits the doing of the act charged. It does not admit that a crime was committed. The affirmative defense seeks to justify, excuse, or mitigate it. Once the issue of an affirmative defense, such

as self defense is raised the burden is on the State to disprove it beyond a reasonable doubt.

This is a correct statement of the law.

[W]ith a legal affirmative defense, the accused admits the elements of the crime, but seeks to justify, excuse, or mitigate by showing no criminal intent; all elements of the parts of the crime are admitted with the exception of the intent. All defenses which have been held to be statutory affirmative defenses meet these criteria, i.e., justification, self-defense or defense of others, rendering assistance to law enforcement officers, defense of habitation, defense of property other than habitation, entrapment, and coercion. Each of these affirmative defenses requires that the defendant admit the crime before he can raise such defense.

(Citation and punctuation omitted.) *Green v. State*, 240 Ga. App. 774, 776 (1) (525 SE2d 154) (1999). Thus, to assert a defense of justification, like self-defense, a defendant must admit the act, or he is not entitled to a charge on that defense. *Ojemuyiwa v. State*, 285 Ga. App. 617, 620 (1) (647 SE2d 598) (2007). Because the Lightnings requested a charge on self-defense, and that was the theory of their case, the trial court did not err by giving the charge to which they now object.

6. The Lightnings also contend the trial court erred by not sentencing them under the rule of lenity rather than just merging their convictions of battery in the aggravated assault charge. The rule of lenity does not apply in this case because the rule

applies when a statute, or statutes, establishes, or establish, different punishments for the same offense, and provides that the ambiguity is resolved in favor of the defendant, who will then receive the lesser punishment. *McClellan v. State*, 274 Ga. 819, 820 (1) (b) (561 SE2d 82) (2002). However, the rule does not apply when the statutory provisions are unambiguous. *Salinas v. United States*, 522 U. S. 52, 66 (III) (118 SC 469, 139 LE2d 352) (1997). See also *United States v. Shabani*, 513 U. S. 10, 17 (II) (115 SC 382, 130 LE2d 225) (1994) ("The rule of lenity, however, applies only when, after consulting traditional canons of statutory construction, we are left with an ambiguous statute").

*Banta v. State*, 281 Ga. 615, 617-618 (2) (642 SE2d 51) (2007). The two crimes with which the Lightnings were charged do not define the

same offense. The aggravated assault count alleged that the Lightnings assaulted the victim "with their feet, objects which when used offensively against said person were likely to and actually did result in serious bodily injury, by kicking said person." The battery count (OCGA § 16-5-23.1), however, alleged that the Lightnings "intentionally caused substantial physical harm to [the victim] by kicking said person in the head, thereby breaking his jaw." These are not the same offenses, and the two crimes do not address the same criminal conduct, one addressing an assault with objects likely to result in serious bodily injury and the other addressing the injury to the victim. Therefore, no ambiguity existed and the rule of lenity does not apply.

7. The Lightnings also contend the trial court erred by denying their motion for a new trial on the ground that the verdict was grossly against the weight of the competent evidence. The Lightnings argue the trial court erred by not granting their motion for a new trial because conflicts in the evidence showed that they should not have been convicted. They contend that the trial court should have granted them a new trial. This argument, however, can only be addressed to the trial judge, who alone has the authority to grant a new trial for this reason. This court has no such power. *Dixon v. State*, 192 Ga. App. 845, 846 (386 SE2d 719) (1989). Appellate courts pass on the sufficiency of the evidence, but not the weight. *Josey v. State*, 197 Ga. 82, 93 (28 SE2d 290) (1943). "When [an appellate court evaluates] the sufficiency of evidence, the proper standard for review is whether a rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979)." *Dean v. State*, 273 Ga. 806, 806-807 (1) (546 SE2d 499) (2001). We review the evidence in the light most favorable to the verdict, giving deference to the jury's determination as to the proper weight and credibility to be given the evidence, id. at 807 (1); it is the function of the jury, not this court, to assess the credibility of the witnesses, to resolve any conflicting evidence, and to determine the facts. *Butler v. State*, supra, 273 Ga. at 382 (1). The evidence in this case was sufficient for a rational trier of fact to find, beyond a reasonable doubt, that both Lightnings were guilty of the crimes charged.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED MARCH 26, 2009.

*William T. Elsey*, for appellants.

*T. Joseph Campbell, District Attorney, Elizabeth M. York, Assistant District Attorney*, for appellee.