Rickman, Judge.
Carlos Richard McClure was tried by a jury and convicted on two counts of aggravated assault. On appeal, McClure contends that his sentence violates his right against double jeopardy, the trial court erred by failing to instruct the jury on the affirmative defense of justification, and the trial court abused its discretion by overruling his objection to an argument the State made during its closing that he alleges violated the "golden rule." For the following reasons, we affirm.[1]
On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or judge the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the defendant guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in Jackson v. Virginia , 443 U.S. 307, 99 S.Ct. 2781, 61 LE2d [L.Ed.2d] 560 (1979).
(Citation and punctuation omitted.) Hall v. State , 335 Ga. App. 895, 783 S.E.2d 400 (2016).
So viewed, the evidence showed that on the night of April 2, 2015, the two victims drove to McClure's residence to pick up a friend who was unable to drive herself. When they arrived, the male victim parked his car on the sidewalk in front of McClure's residence. The friend was arguing with McClure outside, and when she got in the victims' car, she was upset.
After the friend got in the car, the female victim observed McClure disappear and then come back carrying something. It was dark outside, but the female victim told the male victim that she thought McClure was carrying a long gun similar to something used for hunting. McClure pointed the barrel of the gun toward the victims. Once the male victim saw the barrel of the gun pointed towards him, he decided to leave.
The victims called 911 and met at a nearby food store with a corporal with the City of Griffin police department at a nearby food store. The corporal went to McClure's residence *316 to speak with him. McClure told the corporal that he did not point a gun at anyone. McClure granted permission for the corporal to enter his residence and showed the corporal a gun. The corporal's initial impression of the weapon was that it was a small caliber rifle, but, upon closer inspection, he realized that it was actually a BB gun.
At trial, McClure testified that, during the incident, he grabbed the BB gun to use as a club because the friend threatened to have the male victim "get [McClure]." However, he denied ever pointing the gun at anyone, maintaining that he had the gun over his shoulder throughout the entire incident.
The grand jury returned an indictment charging McClure with four counts of aggravated assault and two counts of terroristic threats. The four counts of aggravated assault included two different variations of aggravated assault, with a "deadly weapon" and with an "object, device, and instrument which, when used offensively against a person, is likely to result in serious bodily injury," one count of each variation for each victim. McClure was found guilty on two counts of aggravated assault and two counts of reckless conduct, a lesser included offense of aggravated assault; he was acquitted on the two counts of terroristic threats. The reckless conduct counts merged into the convictions for aggravated assault for the purposes of sentencing. McClure timely filed a motion for new trial, which was denied. McClure appeals from his convictions and the denial of his motion for new trial.
1. McClure contends that the trial court erred by failing to "vacate the verdicts" for the two aggravated assault counts because they violated McClure's right against double jeopardy.
When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.
OCGA § 16-1-7 (a).
McClure argues that, under OCGA § 16-1-7, the State was prohibited from prosecuting him for two different variations of aggravated assault, with a "deadly weapon" and with an "object, device, and instrument which, when used offensively against a person, is likely to result in serious bodily injury." However, " OCGA § 16-1-7 (a) permits the state to prosecute an individual for each crime his conduct established. It is the conviction of more than one crime established by the same conduct that § 16-1-7 (a) forbids." Chitwood v. State , 170 Ga. App. 599, 600 (3), 317 S.E.2d 589 (1984) (emphasis in original). McClure was convicted of two counts of aggravated assault with an "object, device, and instrument which, when used offensively against a person, is likely to result in serious bodily injury," one for each victim. Thus, this argument has no merit. See generally id.
2. McClure contends that the trial court erred by failing to instruct the jury on the affirmative defense of justification in defense of self and defense of habitation. These defenses require a defendant to admit all of the elements of the crime except intent:
With a legal affirmative defense, the accused admits the elements of the crime, but seeks to justify, excuse, or mitigate by showing no criminal intent; all elements of the parts of the crime are admitted with the exception of the intent. All defenses which have been held to be statutory affirmative defenses meet these criteria, i.e., justification, self-defense or defense of others, rendering assistance to law enforcement officers, defense of habitation, defense of property other than habitation, entrapment, and coercion. Each of these affirmative defenses requires that the defendant admit the crime before he can raise such defense.
(Citation and punctuation omitted.) Lightning v. State , 297 Ga. App. 54, 60 (5), 676 S.E.2d 780 (2009). "Thus, to assert a defense of justification, like self-defense, a defendant must admit the act, or he is not entitled to a charge on that defense." Id.
*317 McClure did not admit to aiming the BB rifle at the victims, an element of aggravated assault as charged. Therefore the trial court did not err in refusing to give a charge on the affirmative defense of justification. See Ojemuyiwa v. State , 285 Ga. App. 617, 619-620 (1), 647 S.E.2d 598 (2007) ; see also Rutland v. State , 282 Ga. App. 728, 729-730 (1), 639 S.E.2d 628 (2006).[2]
3. McClure contends that the trial court abused its discretion by overruling his objection to an argument the State made during its closing that he alleges violated the "golden rule."
"A 'golden rule' argument is one that, regardless of the nomenclature used, asks the jurors to place themselves in a victim's position. Such an argument is impermissible because it encourages the jurors to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." (Citations and punctuation omitted.) Moore v. State , 280 Ga. App. 894, 896 (3), 635 S.E.2d 253 (2006). "We review a decision regarding improper argument for abuse of discretion." Satterfield v. State , 339 Ga. App. 15, 22 (3), 792 S.E.2d 451 (2016).
Here, the State argued, "when you get [the BB rifle] back in the jury room, I want you to take a look at the tip. I want you to take a look at the end of the barrel and I want you to think about how that would look pointed at you in the dark." McClure's objection was overruled. Continuing, the State argued, "[a]sk yourselves if that's the kind of thing that would place a reasonable person in apprehension in fear of immediately receiving a violent injury."
The State's argument did violate the "golden rule" by asking the jurors to place themselves in the victims' position, and thus the trial court abused its discretion in overruling the objection. However, "[e]rror in a trial court's failure to sustain an objection to improper closing argument is subject to harmless error analysis." Galvan v. State , 330 Ga. App. 589, 596 (3) (b), 768 S.E.2d 773 (2015). "In conducting such an analysis, we must determine whether it is highly probable that the trial court's error did not contribute to the verdict." Id.
In this case, after the State made the improper statement and the objection was overruled, the State immediately followed up by asking the jurors to consider whether a reasonable person would be in fear of a violent injury upon seeing the barrel of the BB rifle pointed at him or her. The second statement helped to ameliorate any potential harm from the first statement by focusing the jurors on what a reasonable person would feel like looking at the barrel of the BB gun. Considering the entire argument in context and the strength of the State's evidence on the counts for which McClure was convicted, we find that it is highly probable that the trial court's error in overruling the objection did not contribute to the verdict. See McClain v. State , 267 Ga. 378, 383 (3) (a), 477 S.E.2d 814 (1996) ; Moore , 280 Ga. App. at 897 (3), 635 S.E.2d 253.
Judgment affirmed.
Ray, J., concurs and McFadden, P. J., concurring in part and dissenting in part.*
* DIVISION 2 & 3 OF THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a).

We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required numbers of judges, however, voted in favor of considering the case en banc.

We disagree with the dissent's assertion that we are expanding the long-standing rule in Georgia that in order to raise an affirmative defense, the defendant must admit all elements of the charged crime except intent. McClure was convicted of aggravated assault with an "object, device, and instrument which, when used offensively against a person, is likely to result in serious bodily injury." As charged, pointing the BB rifle at the victims was an element of the crime, one to which McClure did not admit. Accordingly, under long-standing precedent, McClure was not entitled to an instruction on justification.