S13A0979. ALLEN v. THE STATE.

(748 SE2d 881)

HINES, Presiding Justice.

Following the denial of his motion for new trial, Jerome Allen appeals his convictions and sentences for malice murder and possession of a firearm during the commission of a felony in connection with the fatal shooting of Stacy Morman. His sole challenge is that his trial counsel rendered ineffective assistance. Finding the challenge to be without merit, we affirm.[1]

The evidence construed in favor of the verdicts showed the following. On February 21, 2005, about a week after being robbed at gunpoint, Allen was driving home from work with two other individuals when he saw Morman walking with a group of teenagers. Allen believed that Morman was the individual who robbed him, and he approached Morman. Allen was carrying a firearm, and after asking the unarmed Morman if he remembered him, Allen drew his handgun and shot Morman multiple times in the back. After Morman fell to the ground, Allen stood over him and fired several more shots

---

[1] The crimes occurred on February 21, 2005. On May 20, 2005, a Fulton County grand jury returned an indictment against Allen charging him with malice murder, felony murder while in the commission of aggravated assault with a deadly weapon, aggravated assault with a deadly weapon, and possession of a firearm during the commission of a felony. He was tried before a jury June 5-13, 2006, and found guilty on all counts. On June 23, 2006, Allen was sentenced to life in prison for malice murder and a consecutive five years in prison for the firearm possession; the aggravated assault with a deadly weapon verdict was found to be merged for the purpose of sentencing and the felony murder verdict stood vacated by operation of law. A motion for new trial was filed on June 23, 2006, and amended on March 31, 2010. The motion for new trial, as amended, was denied on July 27, 2011. A notice of appeal was filed on August 16, 2011, and the case was docketed in this Court's April 2013 term. The appeal was submitted for decision on the briefs.

into him. Allen then returned to his vehicle, warned Morman's friends not to say anything, and drove away. Morman died at the scene; he had sustained twelve gunshot wounds, and his death resulted from wounds to his head and torso. Allen was subsequently arrested and questioned by the police.

1. The evidence was sufficient to enable a rational trier of fact to find Allen guilty beyond a reasonable doubt of the crimes of which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

2. Allen contends that he was denied his Sixth Amendment right to effective legal representation because his trial counsel was ineffective in three respects.[2] However, in order to prevail on a claim of ineffective assistance of trial counsel, a criminal defendant must demonstrate, pursuant to *Strickland v. Washington*, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984), that his counsel's performance was deficient and that, but for such deficiency, there is a reasonable probability that the outcome of his trial would have been different. *Johnson v. State*, 290 Ga. 382, 383 (2) (721 SE2d 851) (2012). To meet the first prong of *Strickland*, the defendant must overcome the strong presumption that his counsel's performance fell within a wide range of reasonable professional conduct and that the decisions made by counsel were done so in the exercise of reasonable professional judgment. *Norton v. State*, 293 Ga. 332 (745 SE2d 630) (2013). The reasonableness of such conduct is to be examined from counsel's perspective at the time of trial and under the particular circumstances then existing in the case. Id. The second prong of the *Strickland* test requires that the defendant show that there is a reasonable probability that, absent any unprofessional errors on counsel's part, the result of his trial would have been different. Id. In its review, this Court will accept the trial court's factual findings and credibility determinations unless they are clearly erroneous, but will independently apply the legal principles to the facts. *Johnson v. State*, supra at 383 (2); *Handley v. State*, 289 Ga. 786, 787 (2) (716 SE2d 176) (2011).

(a) Allen first asserts that his trial counsel was ineffective because counsel did not object to the prosecution's alleged improper question regarding a defense character witness's awareness of Allen's previous arrests. On cross-examination, the State asked defense character witness, Rucker, if he was aware of any "previous arrests" of Allen, and whether the "previous arrest [would] change [Rucker's] opinion about [Allen]." Allen argues that the State had no basis to ask

---

[2] Allen was represented at trial by two attorneys.

this given the fact that his prior criminal history showed only underage possession of alcohol. At the motion-for-new-trial hearing, trial counsel testified that he did not object to the line of questioning because he believed that the defense had "opened the door" to it by presenting character witnesses. And, so it had.

A defendant makes his or her good character an issue when the defendant offers testimony of a witness as to the defendant's general good reputation in the community. *Harris v. State*, 279 Ga. 522, 526 (5) (615 SE2d 532) (2005). On direct examination by the defense, Rucker was asked if he had an opinion about Allen's reputation in the community, and Rucker testified that Allen "was a very humble dude" whose reputation involved "no form of violence." It was thus permissible for the State on cross-examination of Allen's character witness to explore specific acts of bad conduct for the purpose of testing the witness's knowledge of Allen's reputation. *Jones v. State*, 257 Ga. 753, 758 (1), n. 8 (363 SE2d 529) (1988). Consequently, an objection by the defense on the basis urged would not have succeeded.

(b) Allen further complains that his trial counsel then compounded the alleged erroneous failure to object to the prosecutor's question by following up with questions regarding Rucker's mistaken knowledge of Allen's previous arrests, resulting in trial counsel then having to impeach Rucker by introducing Allen's criminal history, which revealed only a conviction for underage possession of alcohol.

First, as discussed, the initially-asked question about Rucker's awareness of Allen's arrest was not subject to the defense objection now urged. What is more, it appears that the follow-up questions about Allen's previous arrest may well have been a strategic attempt to ameliorate any damage, by Rucker's cross-examination, to Allen's attempt to establish his good character and reputation in the community.[3] And, it cannot be found that under the circumstances such a strategy was unreasonable as a matter of law. *Vanstavern v. State*, 293 Ga. 123 (744 SE2d 42) (2013).

(c) Finally, Allen claims that trial counsel was ineffective by initially arguing for justification in the opening statement, but then concluding the trial by asking the jury to instead find provocation for a voluntary manslaughter conviction, thereby indicating to the jury that even Allen's own counsel discredited his account of events and depriving him of his defense.

A trial attorney's decision to pursue a specific defense is reasonable if it is supported by the evidence in the case. *Mayberry v. State*,

---

[3] At the motion for new trial, counsel stated that he did not know why he asked the witness, Rucker, follow-up questions about Allen's previous arrests.

281 Ga. 144 (2) (a) (635 SE2d 736) (2006). At the hearing on the motion for new trial, there was testimony that the defense attorneys discussed the justification/self-defense theory, and believed that it was no longer a strong one. Here, trial counsel assessed the evidence and made the tactical decision in light of the evidence offered at trial. The arguable merit of that decision is supported by the fact that the trial court charged the jury on both self-defense as justification to malice murder and voluntary manslaughter.

*Judgments affirmed. All the Justices concur, except Hunstein and Nahmias, JJ., who concur in judgment only as to Divisions 2 (a) and 2 (b).*

DECIDED SEPTEMBER 23, 2013.

*Sheueli C. Wang,* for appellant.

*Paul L. Howard, Jr., District Attorney, Arthur C. Walton, Assistant District Attorney, Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Jason C. Fisher, Assistant Attorney General,* for appellee.