297 Ga. 81
FINAL COPY

S15A0308. McLEAN v. THE STATE.

BLACKWELL, Justice.

Peter McLean was tried by a DeKalb County jury and convicted of the murder of LaTonya Jones, an aggravated assault upon Shevella Geddis, and the unlawful possession of a firearm during the commission of a felony. McLean appeals, contending that the trial court improperly commented on the evidence when it charged the jury and that he was denied the effective assistance of counsel. Upon our review of the record and briefs, we see no error, and we affirm.[1]

---

[1] The crimes were committed on April 29, 2012. McLean was indicted on July 19, 2012 and charged with two counts of felony murder, three counts of aggravated assault, and one count of unlawful possession of a firearm during the commission of a felony. His trial commenced on August 12, 2013, and the jury returned its verdict four days later, finding him not guilty of one count of felony murder and one count of aggravated assault and guilty on all of the other counts. McLean was sentenced to imprisonment for life for felony murder, a concurrent term of imprisonment for twenty years for aggravated assault, and a consecutive term of imprisonment for five years for unlawful possession of a firearm during the commission of a felony. The remaining count of aggravated assault (upon Jones) merged with the felony murder (of Jones). McLean timely filed a motion for new trial on September 5, 2013, and he amended it on April 23, 2014. The trial court denied his motion on June 30, 2014, and McLean timely filed a notice of appeal on July 28, 2014. The case was docketed in this Court for the January 2015 term and orally argued on March 3, 2015.

1. Viewed in the light most favorable to the verdict, the evidence shows that on April 29, 2012, McLean drove his girlfriend, Ashley Cochran, to pick up her young son at the home of her former boyfriend, Willie Geddis, Jr. After McLean pulled into the driveway and parked some distance from the house, he stood outside his car while Cochran went inside. Geddis, Jr. then arrived with Jones — who had been his girlfriend for about a year — and confronted McLean, ordering him to leave. When McLean exposed a gun that was tucked into his shorts, Geddis, Jr. went inside, only to return later with his mother and two of his brothers.

Upon being told again to leave the property, McLean backed up his car, but it became stuck in the ditch beside the street, and he exited the vehicle a second time. Cochran and Jones — who were at least 30 feet away — began to fight while much of the Geddis family came near McLean, mocking him and telling him to leave and call a tow truck. McLean became angry, refused to leave without his car, and fired several shots into the crowd in the direction of Geddis, Jr. One bullet struck Jones, fatally wounding her, and the other struck and injured Geddis, Jr.'s sister, Shevella. Geddis, Jr. and his brothers wrestled McLean to the ground, took his gun, and held McLean until police arrived.

2

McLean does not dispute that the evidence is sufficient to sustain his convictions, but we nevertheless have independently reviewed the record, with an eye toward the legal sufficiency of the evidence. We conclude that the evidence adduced at trial was legally sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that McLean was guilty of the crimes of which he was convicted. Jackson v. Virginia, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979).

2. We turn next to McLean's contention that the trial court erroneously instructed the jury that, by raising an affirmative defense, McLean had admitted the charged acts. Pursuant to OCGA § 17-8-57, "[i]t is error for any judge in any criminal case, during its progress or in his charge to the jury, to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused."[2] In this case, the trial court instructed the jury that an affirmative defense "is a defense that admits doing the act that is charged in the bill of indictment, but the affirmative defense seeks to justify, excuse, or mitigate the

---

[2] McLean did not object at trial that the instruction was an improper comment on the evidence, but this failure to object is inconsequential because "[a] violation of OCGA § 17-8-57 is always 'plain error' and failure to object will not preclude appellate review." Murphy v. State, 290 Ga. 459, 461 (2) (722 SE2d 51) (2012) (citation omitted).

act. Now, once an affirmative defense is raised by the evidence, the burden is on the State to disprove any affirmative defense beyond a reasonable doubt." This instruction is substantially identical to the pattern charge, Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 3.00.00 (4th ed. 2007, updated through January 2015), and it is a correct statement of law. Lightning v. State, 297 Ga. App. 54, 59-60 (5) (676 SE2d 780) (2009). Indeed, to assert an affirmative defense, "a defendant must admit the act, or he is not entitled to a charge on that defense." Id. (citation omitted). McLean complains, however, that the trial court went on to charge the jury that "McLean *has raised the affirmative defenses* of justification for what is commonly known as self-defense and accident." (Emphasis supplied.) But "[i]t is permissible for the trial court to charge on the defendant's contentions." Williams v. State, 180 Ga. App. 854, 854 (1) (350 SE2d 837) (1986) (citation omitted).

McLean argues that the latter charge — when considered together with the earlier pattern charge on affirmative defenses — amounted to an instruction that McLean had admitted doing the charged acts. To the contrary, McLean asserts, he did not admit the act because there was some evidence that he did not cause the gun to fire and because this possibility was argued to the jury. Although that

4

may have been an alternative defense theory, McLean requested charges on self-defense and accident and argued those affirmative defenses to the jury, and the trial court charged on them immediately following the instruction about which McLean now complains. See Williams, 180 Ga. App. at 854 (1). The existence of an alternative defense does not change the fact that the defendant admits the charged act for purposes of raising and presenting his affirmative defense, even if he denies it for other purposes. Consequently, it would not have been error for the trial court to directly tell the jury that McLean admitted the shooting for purposes of his defenses of justification and accident. See Johnson v. State, 30 Ga. 426, 431 (5) (1860). If a defendant does pursue alternative defense theories that are both supported by the evidence, the trial court may fully charge on each theory. See Bishop v. State, 271 Ga. 291, 292 (3) (519 SE2d 206) (1999). We conclude that the charge as given did not violate OCGA § 17-8-57.

3. Last, we consider McLean's claim that his trial lawyers were ineffective because they failed to object to the trial court's refusal to give a jury charge that they requested. To prevail on a claim of ineffective assistance, McLean must prove both that the performance of his lawyers was deficient and that he was prejudiced by this deficient performance. Strickland v. Washington, 466 U. S.

5

668, 687 (III) (104 SCt 2052, 80 LE2d 674) (1984). To prove that the performance of his lawyers was deficient, McLean must show that they performed their duties at trial in an objectively unreasonable way, considering all the circumstances, and in the light of prevailing professional norms. Id. at 687-688 (III) (A). See also Kimmelman v. Morrison, 477 U. S. 365, 381 (II) (C) (106 SCt 2574, 91 LE2d 305) (1986). And to prove that he was prejudiced by the performance of his lawyers, McLean must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U. S. at 694 (III) (B). See also Williams v. Taylor, 529 U. S. 362, 391 (III) (120 SCt 1495, 146 LE2d 389) (2000). This burden is a heavy one. See Kimmelman, 477 U. S. at 382 (II) (C). We conclude that McLean has failed to carry his burden.

"Decisions as to which jury charges will be requested and when they will be requested fall within the realm of trial tactics and strategy. They provide no grounds for reversal unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them." Davis v. State, 296 Ga. 126, 131 (3) (765 SE2d 336) (2014) (citation and punctuation omitted).

6

McLean's lawyers requested a charge on justification that included not only defense of self, but also defense of others. The trial court, however, omitted the language referring to defense of others ("or a third person"). McLean contends that his lawyers should have objected to that omission, and he argues that there was at least slight evidence to support a jury charge on defense of others. But "the appropriate inquiry is whether trial counsel provided deficient representation in failing to [object], and if so, whether the defendant can meet the prejudice prong of Strickland v. Washington." Bush v. State, 271 Ga. 156, 157-158 (2) (517 SE2d 509) (1999).

At the hearing on the motion for new trial, lead trial counsel testified that because Cochran's testimony generally supported the State's version of her confrontation with Jones, it was disappointing and blunted the strength of the "defense of others" defense, causing him to shift his emphasis during closing argument to self-defense. See Allen v. State, 293 Ga. 626, 629 (2) (c) (748 SE2d 881) (2013). Indeed, our review of the transcript shows that the evidence of defense of others appears to be considerably weaker than the evidence of self-

defense.[3] "A trial attorney's decision to pursue a specific defense is reasonable if it is supported by the evidence in the case." Id. at 628 (2) (c) (citation omitted). Pursuit of self-defense instead of defense of others was not so patently unreasonable that no competent lawyer would have done so.

Moreover, McLean has not met his burden of showing prejudice. He argues that there likely would have been a successful appeal if his lawyer had objected to the omission of a charge on defense of others. But "the likelihood of a different result at *trial* if error is corrected by proper objection by counsel, rather than the likelihood of reversal on *appeal*, is the proper inquiry in an ineffective assistance of *trial* counsel claim." Waldrip v. Head, 279 Ga. 826, 834 (III) (620 SE2d 829) (2005) (citation omitted; emphasis supplied). Cf. Humphrey v. Lewis, 291 Ga. 202, 210-211 (IV) (728 SE2d 603) (2012). In this case, because the evidence of defense of others was not strong, there is no reasonable probability that the outcome of the trial would have been more

---

[3] As the trial court found, the lawyer's evidentiary assessment was supported by testimony that Cochran was about 30 feet from McLean, that Geddis, Jr. was not near Cochran, that McLean was surrounded by all four Geddis brothers, and that McLean did not shoot the weapon to defend Cochran.

favorable to McLean if the jury had been charged on that defense. See Prince v. State, 295 Ga. 788, 793-794 (2) (b) (764 SE2d 362) (2014).

Judgment affirmed. All the Justices concur.


Decided May 11, 2015.

Murder. DeKalb Superior Court. Before Judge Hunter.

Gerard B. Kleinrock, for appellant.

Robert D. James, Jr., District Attorney, Anna G. Cross, Assistant District Attorney; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Christian A. Fuller, Assistant Attorney General, for appellee.