300 Ga. 513
FINAL COPY

S16A1583. TURNER v. THE STATE.

MELTON, Presiding Justice.

Following a jury trial, Earlin Turner was found guilty of malice murder, felony murder, aggravated assault, and various other offenses in connection with the shooting death of Damodar Pathak.[1] On appeal, Turner contends only that his trial counsel was ineffective for failing to pursue a particular defense theory and for failing to properly advise Turner about his right to testify at trial. We

---

[1] On April 12, 2012, Turner was indicted for malice murder, two counts of felony murder (predicated on aggravated assault and possession of a firearm by a convicted felon), aggravated assault, possession of a firearm by a convicted felon, and possession of a firearm during the commission of a felony. Following a November 18-20, 2013 jury trial, Turner was found guilty on all counts. On November 20, 2013, the trial court sentenced Turner to life imprisonment without the possibility of parole for malice murder and consecutive sentences of five years for each of the possession of a firearm counts. The felony murder counts were vacated by operation of law (Malcolm v. State, 263 Ga. 369, 372 (4) (434 SE2d 479) (1993)), and the trial court merged the remaining aggravated assault count into the malice murder count for purposes of sentencing. Turner filed a motion for new trial on December 5, 2013, which he amended with new counsel on October 20 and 29, 2015. Following an October 30, 2015 hearing, the trial court denied the motion on December 23, 2015. Following the payment of costs, Turner's timely appeal was docketed in this Court for the September 2016 term and submitted for decision on the briefs.

affirm.

1. Viewed in the light most favorable to the jury's verdict, the evidence reveals that, on the night of January 9, 2012, Turner, a convicted felon, walked into a BP gas station convenience store in Conley, Georgia, with an acquaintance, Cuevin Stringer. Pathak, a cashier at the store, and Joseph Pryor, another employee, were the only ones working at the BP store that night, and there were no other customers in the store at that time. Pathak was not carrying a gun. While Stringer was at the cash register with Pathak, Turner went to the gaming room near the back of the store. However, because the store was about to close, Pathak went to the gaming room in an effort to prevent Turner from staying in the gaming room. While there were surveillance cameras in the convenience store, there were no cameras in the gaming room to record Pathak's initial interaction with Turner there. However, Stringer overheard Pathak asking Turner, without raising his voice, to leave the gaming room, but Turner refused. This led to a scuffle between Pathak and Turner, during which, Stringer saw Turner pull out a chrome revolver from his right waistband and point it at Pathak. Stringer then ran from the store, and he heard a gunshot coming from inside the store while he was outside.

2

Pryor, Pathak's co-worker who was stocking drinks at the time that the altercation began, also heard the gunshot. Pryor then saw Pathak and Turner continue to struggle, as Pathak attempted to take Turner's gun away from him. Turner got Pathak on the ground inside the store and shot him again, and much of this struggle was captured on surveillance cameras in the store.[2] Turner ran out of the store after pointing the gun at Pryor. Pathak then followed Turner out of the store, where their fight continued in the parking lot. A security camera outside the store recorded much of the continued struggle between Pathak and Turner. Turner was able to get Pathak on the ground outside the store, and, while the video surveillance does not definitively show Turner shooting Pathak, Pryor saw Turner shoot Pathak in the torso while Turner had control of the gun.

During the struggles with Turner, Pathak had been shot three times, twice in the left hand and once in the chest. The gunshot to Pathak's chest caused perforations of his lung, killing him.

This evidence was sufficient to enable a rational trier of fact to find Turner guilty of all of the crimes of which he was convicted beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

---

[2] There is no sound on the surveillance videos to indicate shots being fired.

2. Turner contends that his trial counsel was ineffective for (a) failing to assert the affirmative defense of self-defense at trial, and (b) failing to adequately advise Turner about his right to testify or refuse to testify at trial. We find no merit to these contentions.

> In order to succeed on his claim of ineffective assistance, [Turner] must prove both that his trial counsel's performance was deficient and that there is a reasonable probability that the trial result would have been different if not for the deficient performance. Strickland v. Washington, 466 U. S. 668 (104 SCt 2052, 80 LE2d 674) (1984). If an appellant fails to meet his or her burden of proving either prong of the Strickland test, the reviewing court does not have to examine the other prong. Id. at 697 (IV); Fuller v. State, 277 Ga. 505 (3) (591 SE2d 782) (2004). In reviewing the trial court's decision, "'[w]e accept the trial court's factual findings and credibility determinations unless clearly erroneous, but we independently apply the legal principles to the facts.' [Cit.]" Robinson v. State, 277 Ga. 75, 76 (586 SE2d 313) (2003).

Wright v. State, 291 Ga. 869, 870 (2) (734 SE2d 876) (2012).

(a) Trial counsel testified at the motion-for-new-trial hearing that he discussed the facts of the case and the trial strategy with Turner and reviewed the convenience store video footage with Turner, and that Turner consistently insisted that he did not shoot Pathak. In fact, Turner claimed that Stringer, who exited the convenience store after the confrontation between Turner and Pathak began inside the store, was the one who shot Pathak outside the store. Turner also never indicated to his trial counsel that Pathak had a weapon. Because (1)

4

Turner consistently denied shooting Pathak, (2) there was no evidence that Pathak had a weapon of any kind, and (3) much of the video surveillance evidence showed the struggle between Turner and Pathak without making clear how, exactly, the fatal shot was fired, trial counsel believed that the best trial strategy would be to challenge the eyewitness testimony in an effort to show that the State could not prove that Turner was Pathak's shooter beyond a reasonable doubt. In light of the evidence presented, we find this strategy to be reasonable. See McLean v. State, 297 Ga. 81, 83 (2) (772 SE2d 685) (2015) (defendant must admit to the act of shooting victim in order to receive jury charge on the act allegedly having been done in self-defense). See also Strickland v. Washington, 466 U. S. at 691 (III) (A) ("The reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions"). The fact that other counsel may have elected to pursue a different defense strategy does not amount to a showing that trial counsel here was ineffective. See, e.g., Smith v. State, 283 Ga. 237 (2) (b) (657 SE2d 523) (2008).

(b) Contrary to Turner's contentions, Turner's trial counsel testified at the motion-for-new-trial hearing that he discussed with Turner his right to testify and advised Turner that it was Turner's decision to make regarding whether or

not he would testify. Trial counsel also advised Turner that his statement to police in which he stated that he did not remember what happened on the night of the shooting, and Turner's prior criminal history as a convicted felon, could be used against Turner if he decided to testify at trial. Moreover, the record belies Turner's assertion that he was not fully informed about his right to testify, as the trial court also discussed with him his right to testify and Turner affirmatively indicated on the record that he did not wish to testify after stating that he understood that it was entirely up to him whether or not he would testify. In this regard, Turner also never indicated to his trial counsel that he wished to testify, and, as shown in Division 2 (a), supra, Turner was well aware of the evidence against him and the strategy of denying that he was the shooter regardless of whether or not he testified in his own defense. We find no merit to Turner's contention that his trial counsel was ineffective for allegedly having failed to adequately inform him about his right to testify. See <u>Mobley v. State</u>, 264 Ga. 854 (2) (452 SE2d 500) (1995).

<u>Judgment affirmed. All the Justices concur.</u>

Decided February 6, 2017.

Murder. DeKalb Superior Court. Before Judge Barrie.

Leah Davis Madden, for appellant.

Robert D. James, Jr., District Attorney, Deborah D. Wellborn, Helen Virginia Peters, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Matthew M. Youn, Assistant Attorney General, for appellee.