**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**RAY and RICKMAN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**June 21, 2018**

# In the Court of Appeals of Georgia

A18A0324. MCCLURE v. THE STATE.

RICKMAN, Judge.

Carlos Richard McClure was tried by a jury and convicted on two counts of aggravated assault. On appeal, McClure contends that his sentence violates his right against double jeopardy, the trial court erred by failing to instruct the jury on the affirmative defense of justification, and the trial court abused its discretion by overruling his objection to an argument the State made during its closing that he alleges violated the "golden rule." For the following reasons, we affirm.[1]

---

[1] We have circulated this decision among all nondisqualified judges of the Court to consider whether this case should be passed upon by all members of the Court. Fewer than the required numbers of judges, however, voted in favor of considering the case en banc.

On appeal from a criminal conviction, we view the evidence in the light most favorable to support the jury's verdict, and the defendant no longer enjoys a presumption of innocence. We do not weigh the evidence or judge the credibility of the witnesses, but determine only whether the evidence authorized the jury to find the defendant guilty of the crimes beyond a reasonable doubt in accordance with the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

(Citation and punctuation omitted.) *Hall v. State*, 335 Ga. App. 895 (783 SE2d 400) (2016).

So viewed, the evidence showed that on the night of April 2, 2015, the two victims drove to McClure's residence to pick up a friend who was unable to drive herself. When they arrived, the male victim parked his car on the sidewalk in front of McClure's residence. The friend was arguing with McClure outside, and when she got in the victims' car, she was upset.

After the friend got in the car, the female victim observed McClure disappear and then come back carrying something. It was dark outside, but the female victim told the male victim that she thought McClure was carrying a long gun similar to something used for hunting. McClure pointed the barrel of the gun toward the

2

victims. Once the male victim saw the barrel of the gun pointed towards him, he decided to leave.

The victims called 911 and met at a nearby food store with a corporal with the City of Griffin police department at a nearby food store. The corporal went to McClure's residence to speak with him. McClure told the corporal that he did not point a gun at anyone. McClure granted permission for the corporal to enter his residence and showed the corporal a gun. The corporal's initial impression of the weapon was that it was a small caliber rifle, but, upon closer inspection, he realized that it was actually a BB gun.

At trial, McClure testified that, during the incident, he grabbed the BB gun to use as a club because the friend threatened to have the male victim "get [McClure]." However, he denied ever pointing the gun at anyone, maintaining that he had the gun over his shoulder throughout the entire incident.

The grand jury returned an indictment charging McClure with four counts of aggravated assault and two counts of terroristic threats. The four counts of aggravated assault included two different variations of aggravated assault, with a "deadly weapon" and with an "object, device, and instrument which, when used offensively against a person, is likely to result in serious bodily injury," one count of each

3

variation for each victim. McClure was found guilty on two counts of aggravated assault and two counts of reckless conduct, a lesser included offense of aggravated assault; he was acquitted on the two counts of terroristic threats. The reckless conduct counts merged into the convictions for aggravated assault for the purposes of sentencing. McClure timely filed a motion for new trial, which was denied. McClure appeals from his convictions and the denial of his motion for new trial.

1. McClure contends that the trial court erred by failing to "vacate the verdicts" for the two aggravated assault counts because they violated McClure's right against double jeopardy.

> When the same conduct of an accused may establish the commission of more than one crime, the accused may be prosecuted for each crime. He may not, however, be convicted of more than one crime if: (1) One crime is included in the other; or (2) The crimes differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.

OCGA § 16-1-7 (a).

McClure argues that, under OCGA § 16-1-7, the State was prohibited from prosecuting him for two different variations of aggravated assault, with a "deadly weapon" and with an "object, device, and instrument which, when used offensively

4

against a person, is likely to result in serious bodily injury." However, "OCGA § 16-1-7 (a) permits the state to prosecute an individual for each crime his conduct established. It is the *conviction* of more than one crime established by the same conduct that § 16-1-7 (a) forbids." *Chitwood v. State*, 170 Ga. App. 599, 600 (3) (317 SE2d 589) (1984) (emphasis in original). McClure was convicted of two counts of aggravated assault with an "object, device, and instrument which, when used offensively against a person, is likely to result in serious bodily injury," one for each victim. Thus, this argument has no merit. See generally id.

2. McClure contends that the trial court erred by failing to instruct the jury on the affirmative defense of justification in defense of self and defense of habitation. These defenses require a defendant to admit all of the elements of the crime except intent:

> With a legal affirmative defense, the accused admits the elements of the crime, but seeks to justify, excuse, or mitigate by showing no criminal intent; all elements of the parts of the crime are admitted with the exception of the intent. All defenses which have been held to be statutory affirmative defenses meet these criteria, i.e., justification, self-defense or defense of others, rendering assistance to law enforcement officers, defense of habitation, defense of property other than habitation, entrapment, and coercion. Each of these affirmative

5

defenses requires that the defendant admit the crime before he can raise such defense.

(Citation and punctuation omitted.) *Lightning v. State*, 297 Ga. App. 54, 60 (5) (676 SE2d 780) (2009). "Thus, to assert a defense of justification, like self-defense, a defendant must admit the act, or he is not entitled to a charge on that defense." Id.

McClure did not admit to aiming the BB rifle at the victims, an element of aggravated assault as charged. Therefore the trial court did not err in refusing to give a charge on the affirmative defense of justification. See *Ojemuyiwa v. State*, 285 Ga. App. 617, 619-620 (1) (647 SE2d 598) (2007); see also *Rutland v. State*, 282 Ga. App. 728, 729-730 (1) (639 SE2d 628) (2006).[2]

3. McClure contends that the trial court abused its discretion by overruling his objection to an argument the State made during its closing that he alleges violated the "golden rule."

---

[2] We disagree with the dissent's assertion that we are expanding the long-standing rule in Georgia that in order to raise an affirmative defense, the defendant must admit all elements of the charged crime except intent. McClure was convicted of aggravated assault with an "object, device, and instrument which, when used offensively against a person, is likely to result in serious bodily injury." As charged, pointing the BB rifle at the victims was an element of the crime, one to which McClure did not admit. Accordingly, under long-standing precedent, McClure was not entitled to an instruction on justification.

"A 'golden rule' argument is one that, regardless of the nomenclature used, asks the jurors to place themselves in a victim's position. Such an argument is impermissible because it encourages the jurors to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." (Citations and punctuation omitted.) *Moore v. State*, 280 Ga. App. 894, 896 (3) (635 SE2d 253) (2006). "We review a decision regarding improper argument for abuse of discretion." *Satterfield v. State*, 339 Ga. App. 15, 22 (3) (792 SE2d 451) (2016).

Here, the State argued, "when you get [the BB rifle] back in the jury room, I want you to take a look at the tip. I want you to take a look at the end of the barrel and I want you to think about how that would look pointed at you in the dark." McClure's objection was overruled. Continuing, the State argued, "[a]sk yourselves if that's the kind of thing that would place a reasonable person in apprehension in fear of immediately receiving a violent injury."

The State's argument did violate the "golden rule" by asking the jurors to place themselves in the victims' position, and thus the trial court abused its discretion in overruling the objection. However, "[e]rror in a trial court's failure to sustain an objection to improper closing argument is subject to harmless error analysis." *Galvan v. State*, 330 Ga. App. 589, 596 (3) (b) (768 SE2d 773) (2015). "In conducting such

7

an analysis, we must determine whether it is highly probable that the trial court's error did not contribute to the verdict." Id.

In this case, after the State made the improper statement and the objection was overruled, the State immediately followed up by asking the jurors to consider whether a reasonable person would be in fear of a violent injury upon seeing the barrel of the BB rifle pointed at him or her. The second statement helped to ameliorate any potential harm from the first statement by focusing the jurors on what a reasonable person would feel like looking at the barrel of the BB gun. Considering the entire argument in context and the strength of the State's evidence on the counts for which McClure was convicted, we find that it is highly probable that the trial court's error in overruling the objection did not contribute to the verdict. See *McClain v. State*, 267 Ga. 378, 383 (3) (a) (477 SE2d 814); *Moore*, 280 Ga. App. at 897 (3).

*Judgment affirmed. Ray, J., concurs and McFadden, P. J., concurring in part and dissenting in part.**

**\* DIVISION 2 & 3 OF THIS OPINION IS PHYSICAL PRECEDENT ONLY. COURT OF APPEALS RULE 33.2(a).**

# In the Court of Appeals of Georgia

A18A0324. MCCLURE v. THE STATE.

MCFADDEN, Presiding Judge, concurring in part and dissenting in part.

The majority today expands our rule that, in order to raise an affirmative defense, a defendant must admit the crime — not only for the limited purpose of raising and presenting his affirmative defense, but for all purposes. The majority now holds that a defendant must also admit whatever facts are alleged in the indictment. The rule the majority expands today was adopted in error. We should disapprove it rather than expand it. I therefore respectfully dissent from Division 2 of the majority opinion.

2

I concur in Division 1 and in the error analysis of Division 3. Because I would find, as to Division 2, that the trial court erroneously failed to charge the jury on the affirmative defense of justification and so would reverse the convictions, I do not reach the harm analysis in Division 3.

As the majority explains, McClure was charged with four counts of aggravated assault. In all four counts, the indictment alleged that he aimed a BB rifle at a victim. McClure testified that, while he did threaten the victims with the BB rifle, he did not aim it at them. So, while McClure's version of the facts reinforced his claims of self-defense and defense of habitation, it could have authorized aggravated assault convictions. See OCGA §§ 16-5-20 (a) (2); 16-5-21 (a) (2). It would have authorized such convictions if the indictment had not been so narrowly drafted. Cf. *Holman v. State*, 329 Ga. App. 393, 401 (2) (b) (ii) (765 SE2d 614) (2014) ("[A]verments in an indictment as to the specific manner in which a crime was committed . . . must be proved as laid, or the failure to prove the same will amount to a fatal variance and a violation of the defendant's right to due process of law.") (citations and punctuation omitted).

1. *The rule that, in order to raise an affirmative defense, a defendant must admit the crime for all purposes should be disapproved.*

3

So we must examine the rule that in order to raise an affirmative defense, a defendant must admit all the elements of the charged crime (except intent), for all purposes — which effectively precludes the defendant from pursuing alternative defense theories. Is it enough under that rule for a defendant to admit the statutory elements of the crime, or must a defendant also admit the specific allegations in the indictment? In other words, must the defendant admit the crime charged, or must he admit the crime *as charged*? I have found no authority that answers that question.

In order to answer it, we would normally turn to the underlying authority and rationale for the rule. The trouble is that there isn't any there there.

The rule has no basis in statute. There is no mention of it in Chapter 3 (Defenses to Criminal Prosecution) of Title 16 (Crimes and Defenses). See OCGA § 16-3-1 et seq.

The rule is most commonly stated as follows: "An affirmative defense is one in which the defendant admits the act but seeks to justify, excuse, or mitigate it. The defendant must admit the crime before he can raise the defense." *Code v. State*, 255 Ga. App. 432, 434 (4) (565 SE2d 477) (2002) (citations omitted).

The idea that an affirmative defense admits the act charged, our Supreme Court has concluded, apparently originated in a definition found in American Jurisprudence.

4

"It appears that the first articulation of the principle in its current form was taken from a definition that appeared at 21 AmJur2d 204, § 135. See *Chandle v. State*, 230 Ga. 574 (3) (198 SE2d 289) (1973); *Radford v. State*, 202 Ga. App. 532, 533, n.1 (415 SE2d 34) (1992)." *Williams v. State*, 297 Ga. 460, 465 (4) n. 4 (773 SE2d 213) (2015).

But in *Radford*, as in *Williams*, the issue was the content of a jury charge explaining affirmative defenses generally. And in *Chandle* the question was who has the burden of going forward with evidence about an affirmative defense. So nothing in those cases addresses the question of whether the admission necessary to an affirmative defense is a binding admission or merely an admission for the sake of argument.

The rule before us today, that a defendant is not entitled to a jury charge on an affirmative defense unless he first, and for all purposes, admits the crime, came later. It appears to have been adopted in *Hightower v. State*, 224 Ga. App. 703, 704-705 (2) (481 SE2d 867) (1997). But nothing in *Hightower* or any other case I have found undertakes to justify the rule. Division 2 of *Hightower*, which is set out in the

5

margin,[1] seems to assume that the rule follows from the definition taken from

[1]Division 2 of *Hightower*, 244 Ga. App. at 704-705, states, in its entirety, as follows:

In the second enumeration of error, the appellant contends that "the trial court erred in failing to charge the jury that the state had the burden to prove that someone other than the appellant committed the crime."

Pretermitting the fact that, in Division 1, this Court held the defendant did not present any evidence to raise the defense of alibi, it is only affirmative defenses that the state has the burden of disproving beyond a reasonable doubt. *State v. McNeill*, 234 Ga. 696 (217 SE2d 281) (1975). Affirmative defenses are those in which the defendant admits doing the act charged, but seeks to justify, excuse, or mitigate it. *State v. Moore*, 237 Ga. 269 (227 SE2d 241) (1976); *Perkins v. State*, 151 Ga. App. 199 (259 SE2d 193) (1979).

The Georgia Supreme Court analogized the standard for charging on alibi to that of affirmative defenses in *Rivers v. State*, [250 Ga. 288 (298 SE2d 10) (1982)], however, such analogy does not apply any further; the burden placed on the state of disproving an affirmative defense beyond a reasonable doubt does not apply to the defense of alibi. "Alibi is not truly an independent affirmative defense. It is simply evidence in support of a defendant's plea of not guilty, and should be treated merely as 'evidence tending to disprove one of the essential factors in the case of the prosecution, that is, presence of the defendant

6

at the time and place of the alleged crime.' *Stump v. Bennett*, 398 F.2d 111, 115 (8th Cir.1968); 21 AmJur2d 206, § 136; Anno. 29 ALR 1139; 67 ALR 138, 141; 124 ALR 471, 474." *Parham v. State*, 120 Ga. App. 723, 727 (171 SE2d 911) (1969). An alibi defense creates a reasonable doubt on behalf of the accused, and the state has the risk of failure to carry the burden of persuasion and, as a consequence, may fail to carry the standard of proof beyond a reasonable doubt.

With a legal affirmative defense, the accused admits the elements of the crime, but seeks to justify, excuse, or mitigate by showing no criminal intent; all elements of the parts of the crime are admitted with the exception of the intent. All defenses which have been held to be statutory affirmative defenses meet this criteria; i.e., justification, self-defense or defense of others, rendering assistance to law enforcement officers, defense of habitation, defense of property other than habitation, entrapment, and coercion. See OCGA §§ 16-3-20 through 16-3-28. Each of these affirmative defenses requires that the defendant admit the crime before he can raise such defense. In fact, even under the more general provision of OCGA § 16-3-20 (6), the defense of justification can only be claimed "in all other instances which stand upon the same footing of reason and justice as those enumerated in this article (Article 2 of Chapter 3 of Title 16)."

Therefore, contrary to appellant's assertions, the question that is before this Court is simply one of the sufficiency of the evidence. "On appeal we must view the evidence in the light most favorable to the

7

American Jurisprudence. I have found no case that explains why a criminal defendant cannot pursue alternative defense theories that are both supported by the evidence, and why such an admission cannot be one simply for purposes of raising and presenting his affirmative defense.

The rule is limited to Georgia criminal practice. It does not obtain in our civil practice. Indeed our Civil Practice Act authorizes inconsistent pleading with clarity that boarders on belaborment.

> A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them, if made independently, would be

---

verdict, Hightower no longer enjoys the presumption of innocence, and we do not weigh the evidence nor judge the credibility of the witnesses. Further, we do not speculate which evidence the jury chose to believe or disbelieve." (Citations and punctuation omitted.) *Thompson v. State*, 210 Ga. App. 655, 656 (436 SE2d 799) (1993). The evidence presented at trial was sufficient to authorize a rational trier of fact to find the appellant guilty beyond a reasonable doubt of violation of the Georgia Controlled Substances Act (distribution of cocaine). *Jackson v. Virginia*, 443 U.S. 307 (99 SC[t] 2781, 61 LEd2d 560) (1979).

(Punctuation omitted.)

sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has, regardless of consistency and whether based on legal or on equitable grounds or on both.

OCGA § 9-11-8 (e) (2).

Nor does the rule apply to the state in criminal cases. It is well established that "the same offense, that is the same species of offense, may be charged in different ways . . . to meet the evidence." *Lumpkins v. State*, 264 Ga. 255, 256 (2) (443 SE2d 619) (1994) (citation, punctuation, and emphasis omitted). And

[a]s a general rule, a guilty verdict cannot be challenged on the ground that the jury's verdict of guilt on one count of an indictment is inconsistent with an acquittal on another count. Such verdicts are deemed constitutionally tolerable because they may reflect an exercise of lenity by the jury that is not necessarily grounded in its view of the evidence.

*State v. Springer*, 297 Ga. 376, 377 (1) (774 SE2d 106) (2015) (citations omitted). "[W]here one offense could be committed in several ways, it is permissible to incorporate the different ways in one count." *Lumpkins*, 264 Ga. at 255 (1) (citation omitted).

Indeed, outside the particular context of affirmative defenses, it does not apply to defendants in criminal cases. See *Koritta v. State*, 263 Ga. 703, 705 n. 2 (438 SE2d 68) (1994) ("'[M]utually exclusive' or 'inconsistent' defenses are presented to the jury when there is evidence to support both.") (citations omitted); *Luke v. State*, 306 Ga. App. 701, 704 (703 SE2d 335) (2010) ("a defendant may choose to pursue alternative defense theories") (citation omitted). But see *Sellers v. State*, 245 Ga. App. 621, 623-624 (2) (538 SE2d 511) (2000) (holding that instructing the jury that self-defense and accident were inconsistent defenses to voluntary manslaughter was not erroneous because accepting one defense would exclude consideration of the other).

And the rule appears to be unique to Georgia. Elsewhere, "the fact that one defense is based on the theory that the accused did not commit the offense does not deprive the defendants of the right to take advantage of other defenses, although based on the theory of justification or excuse." 22 CJS Criminal Law: Substantive Principles § 48 (citing *People v. Atchison*, 583 P2d 735, 736 (Cal. 1978) (holding that defendant's contention in child molestation case that he did nothing improper did not prevent him from asserting he did not know the age of the child); *People v. Moore*, 498 NE2d 701, 704 (I) (Ill. App. 1986) ("a defendant may present seemingly inconsistent defenses; claiming not to have committed the crime and also claiming

10

to be not guilty by reason of insanity") (citation omitted); *State v. Knowles*, 495 A2d 335, 339 (Me.1985) (permitting defendant to deny that he operated his vehicle while intoxicated and under a suspended licence and also argue that his operation of the vehicle could be justified under the doctrine of competing harms); *State v. Lora*, 305 SW2d 452, 455-456 (Mo. 1957) (permitting defendant to rely on both alibi and insanity defenses for the same charge); *State v. Shotton*, 458 A2d 1105, 1107 (Vt. 1983) ("[I]t is not necessary for a defendant to admit that she committed a crime in order to avail herself of the defense of necessity.")). See also *United States v. King*, 587 F.2d 956, 965 (II) (9th Cir. 1978) (alternative defenses are proper, even if inconsistent).

In fact the only authority for that rule is a line of decisions from this court. Our Supreme Court has not adopted it. It is true that they have cited in a parenthetical the rule that "a defendant must admit the act or he is not entitled to a charge on justification," but our Supreme Court has not cited that rule to deny a defendant a jury charge on an affirmative defense. *Hicks v. State*, 287 Ga. 260, 262 (2) (695 SE2d 195) (2010) (citing that rule in case where charge on justification was unwarranted because there was no evidence that defendant had acted in self defense). It is also true that our Supreme Court has upheld a jury instruction "that, by raising an affirmative defense,

11

[the defendant] had admitted the charged acts," *McLean v. State*, 297 Ga. 81, 82 (2) (772 SE2d 685) (2015), and that, in so holding, our Supreme Court cited one of the opinions of this court for the proposition that "to assert an affirmative defense, 'a defendant must admit the act, or he is not entitled to a charge on that defense.'" Id. at 83 (2) (citing *Lightning v. State*, 297 Ga. App. 54, 59-60 (5) (676 SE2d 780) (2009)).[2] But the issue in *McLean* — and, as detailed below, in *Lightning* — was the correctness of a jury charge that an affirmative defense admits the doing of the act. McLean's right to a charge on his affirmative defenses was not at issue: the trial court in *McLean* charged on those affirmative defenses — even though McLean also denied the act. See *McLean*, supra. Indeed *McLean* contains language affirming a defendant's right to pursue inconsistent alternative theories:

> The existence of an alternative defense does not change the fact that the defendant admits the charged act for purposes of raising and presenting his affirmative defense, even if he denies it for other purposes. . . . If a defendant does pursue alternative defense theories that are both

---

[2]In quoting the proposition that "by raising an affirmative defense, [the defendant] had admitted the charged acts" alongside the proposition that a defendant must admit the act, or he is not entitled to a charge on that defense," the Supreme Court has left open the question whether the admission follows automatically from the assertion of an affirmative defense or whether some other act of admission is required. But it has not held that such an act is required, let alone specified the act.

> supported by the evidence, the trial court may fully charge on each
> theory.

Id. at 83 (2) (citations omitted).

The rule we construe today is one this court adopted without due consideration, if not accidentally. There is, I suppose, some justice in foreclosing arguments in the form, "it wasn't me, but if it was me . . . ." But as noted above we do not foreclose inconsistent arguments in any other context.

And principles of stare decisis do not require us to continue following this rule. "When we consider whether an earlier decision ought to be reexamined, we consider a number of factors, including the age of the precedent, the reliance interests involved, the workability of the prior decision, and most importantly, the soundness of its reasoning." *Southall v. State*, 300 Ga. 462, 467 (1) 796 SE2d 261 (2017) (citation and punctuation omitted). As to the most important factor, we adopted this rule without justification, as explained above. The rule addresses an issue of criminal procedure, "not contract, property, or other substantive rights in which anyone has a significant reliance interest," id. (citation and punctuation omitted), and it would not prejudice anyone to permit defendants to pursue alternative defense theories. The current rule creates practical quandaries for defendants who, like McClure, have both

13

a viable claim that he committed no crime and a viable claim that, if the jury believes him to have committed a crime, the act was justifiable or subject to another affirmative defense. See id. at 468 (1) (looking to practicality of precedents in stare decisis analysis). Finally, regarding the age of the rule, "[w]e have overruled precedents as old and older than [*Hightower*,] and without more, than we have been wrong for many years is no reason to persist in the error." *Southall*, supra at 468 (1) (citation and punctuation omitted).

The rule relied upon by the majority should be overruled.

2. *The rule that, in order to raise an affirmative defense, a defendant must admit the crime for all purposes should not be extended.*

Even if we do not disapprove that rule, we should not extend it. McClure should not have been forced to admit the crime *as charged.* McClure had two mutually reinforcing points: 1) he claims to have acted in self-defense, and in defense of his home; and 2) he claims to have acted with restraint, particularly by not pointing the BB rifle at anyone. There was no sound reason to force him to choose between those two points. Forcing defendants to choose between waiving an affirmative defense or adopting the version of the facts set out in the indictment invests

14

prosecutors with unwarranted power. It was unjust to force McClure to make that choice. And I would hold that it was error to do so.

I acknowledge that there is some factual similarity between this case and one on which the majority relies, *Lightning v. State*, 297 Ga. App. 54 (676 SE2d 780) (2009). *Lightning* was an appeal from convictions for aggravated assault and simple battery that arose out of an "argument [that] became a fight." Id. The defendants admitted to fighting — but denied kicking the victim in the head — and claimed self-defense. So, as here, the defendants admitted to conduct sufficient to sustain a conviction but denied some of the more egregious conduct alleged.

But the legal issue in *Lightning* was different. It was the propriety of a charge that "[a]n affirmative defense is a defense that admits the doing of the act charged. It does not admit that a crime was committed." *Lightning*, 297 Ga. App. at 59 (5). As noted above, that charge follows long standing Georgia law. So *Lightning* does not control our decision today.