McFadden, Presiding Judge, concurring in part and dissenting in part.
The majority today expands our rule that, in order to raise an affirmative defense, a defendant must admit the crime - not only for the limited purpose of raising and presenting his affirmative defense, but for all purposes. The majority now holds that a defendant must also admit whatever facts are alleged in the indictment. The rule the majority *318 expands today was adopted in error. We should disapprove it rather than expand it. I therefore respectfully dissent from Division 2 of the majority opinion
I concur in Division 1 and in the error analysis of Division 3. Because I would find, as to Division 2, that the trial court erroneously failed to charge the jury on the affirmative defense of justification and so would reverse the convictions, I do not reach the harm analysis in Division 3.
As the majority explains, McClure was charged with four counts of aggravated assault. In all four counts, the indictment alleged that he aimed a BB rifle at a victim. McClure testified that, while he did threaten the victims with the BB rifle, he did not aim it at them. So, while McClure's version of the facts reinforced his claims of self-defense and defense of habitation, it could have authorized aggravated assault convictions. See OCGA §§ 16-5-20 (a) (2) ; 16-5-21 (a) (2). It would have authorized such convictions if the indictment had not been so narrowly drafted. Cf. Holman v. State , 329 Ga. App. 393, 401 (2) (b) (ii), 765 S.E.2d 614 (2014) ("[A]verments in an indictment as to the specific manner in which a crime was committed ... must be proved as laid, or the failure to prove the same will amount to a fatal variance and a violation of the defendant's right to due process of law.") (citations and punctuation omitted).
1. The rule that, in order to raise an affirmative defense, a defendant must admit the crime for all purposes should be disapproved.
So we must examine the rule that in order to raise an affirmative defense, a defendant must admit all the elements of the charged crime (except intent), for all purposes-which effectively precludes the defendant from pursuing alternative defense theories. Is it enough under that rule for a defendant to admit the statutory elements of the crime, or must a defendant also admit the specific allegations in the indictment? In other words, must the defendant admit the crime charged, or must he admit the crime as charged ? I have found no authority that answers that question.
In order to answer it, we would normally turn to the underlying authority and rationale for the rule. The trouble is that there isn't any there there.
The rule has no basis in statute. There is no mention of it in Chapter 3 (Defenses to Criminal Prosecution) of Title 16 (Crimes and Defenses). See OCGA § 16-3-1 et seq.
The rule is most commonly stated as follows: "An affirmative defense is one in which the defendant admits the act but seeks to justify, excuse, or mitigate it. The defendant must admit the crime before he can raise the defense." Code v. State , 255 Ga. App. 432, 434 (4), 565 S.E.2d 477 (2002) (citations omitted).
The idea that an affirmative defense admits the act charged, our Supreme Court has concluded, apparently originated in a definition found in American Jurisprudence. "It appears that the first articulation of the principle in its current form was taken from a definition that appeared at 21 AmJur2d 204, § 135. See Chandle v. State , 230 Ga. 574 (3), 198 S.E.2d 289 (1973) ; Radford v. State , 202 Ga. App. 532, 533, n.1, 415 S.E.2d 34 (1992)." Williams v. State , 297 Ga. 460, 465 (4) n. 4, 773 S.E.2d 213 (2015).
But in Radford , as in Williams , the issue was the content of a jury charge explaining affirmative defenses generally. And in Chandle the question was who has the burden of going forward with evidence about an affirmative defense. So nothing in those cases addresses the question of whether the admission necessary to an affirmative defense is a binding admission or merely an admission for the sake of argument.
The rule before us today, that a defendant is not entitled to a jury charge on an affirmative defense unless he first, and for all purposes, admits the crime, came later. It appears to have been adopted in Hightower v. State , 224 Ga. App. 703, 704-705 (2), 481 S.E.2d 867 (1997). But nothing in Hightower or any other case I have found undertakes to justify the rule. Division 2 of Hightower , which is set out in the margin,[1] seems to *319 assume that the rule follows from the definition taken from American Jurisprudence. I have found no case that explains why a criminal defendant cannot pursue alternative defense theories that are both supported by the evidence, and why such an admission cannot be one simply for purposes of raising and presenting his affirmative defense.
The rule is limited to Georgia criminal practice. It does not obtain in our civil practice. Indeed our Civil Practice Act authorizes inconsistent pleading with clarity that boarders on belaborment.
A party may set forth two or more statements of a claim or defense alternatively or hypothetically, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has, regardless of consistency and whether based on legal or on equitable grounds or on both.
OCGA § 9-11-8 (e) (2).
Nor does the rule apply to the state in criminal cases. It is well established that "the same offense, that is the same species of offense, may be charged in different ways ... to meet the evidence." Lumpkins v. State , 264 Ga. 255, 256 (2), 443 S.E.2d 619 (1994) (citation, punctuation, and emphasis omitted). And
[a]s a general rule, a guilty verdict cannot be challenged on the ground that the jury's verdict of guilt on one count of an indictment *320 is inconsistent with an acquittal on another count. Such verdicts are deemed constitutionally tolerable because they may reflect an exercise of lenity by the jury that is not necessarily grounded in its view of the evidence.
State v. Springer , 297 Ga. 376, 377 (1), 774 S.E.2d 106 (2015) (citations omitted). "[W]here one offense could be committed in several ways, it is permissible to incorporate the different ways in one count." Lumpkins , 264 Ga. at 255 (1), 443 S.E.2d 619 (citation omitted).
Indeed, outside the particular context of affirmative defenses, it does not apply to defendants in criminal cases. See Koritta v. State , 263 Ga. 703, 705 n. 2, 438 S.E.2d 68 (1994) (" '[M]utually exclusive' or 'inconsistent' defenses are presented to the jury when there is evidence to support both.") (citations omitted); Luke v. State , 306 Ga. App. 701, 704, 703 S.E.2d 335 (2010) ("a defendant may choose to pursue alternative defense theories") (citation omitted). But see Sellers v. State , 245 Ga. App. 621, 623-624 (2), 538 S.E.2d 511 (2000) (holding that instructing the jury that self-defense and accident were inconsistent defenses to voluntary manslaughter was not erroneous because accepting one defense would exclude consideration of the other).
And the rule appears to be unique to Georgia. Elsewhere, "the fact that one defense is based on the theory that the accused did not commit the offense does not deprive the defendants of the right to take advantage of other defenses, although based on the theory of justification or excuse." 22 CJS Criminal Law: Substantive Principles § 48 (citing People v. Atchison , 22 Cal.3d 181, 148 Cal.Rptr. 881, 583 P.2d 735, 736 (1978) (holding that defendant's contention in child molestation case that he did nothing improper did not prevent him from asserting he did not know the age of the child); People v. Moore , 147 Ill.App.3d 881, 101 Ill.Dec. 377, 498 N.E.2d 701, 704 (I) (1986) ("a defendant may present seemingly inconsistent defenses; claiming not to have committed the crime and also claiming to be not guilty by reason of insanity") (citation omitted); State v. Knowles , 495 A.2d 335, 339 (Me.1985) (permitting defendant to deny that he operated his vehicle while intoxicated and under a suspended licence and also argue that his operation of the vehicle could be justified under the doctrine of competing harms); State v. Lora , 305 S.W.2d 452, 455-456 (Mo. 1957) (permitting defendant to rely on both alibi and insanity defenses for the same charge); State v. Shotton , 142 Vt. 558, 458 A.2d 1105, 1107 (1983) ("[I]t is not necessary for a defendant to admit that she committed a crime in order to avail herself of the defense of necessity.") ). See also United States v. King , 587 F.2d 956, 965 (II) (9th Cir. 1978) (alternative defenses are proper, even if inconsistent).
In fact the only authority for that rule is a line of decisions from this court. Our Supreme Court has not adopted it. It is true that they have cited in a parenthetical the rule that "a defendant must admit the act or he is not entitled to a charge on justification," but our Supreme Court has not cited that rule to deny a defendant a jury charge on an affirmative defense. Hicks v. State , 287 Ga. 260, 262 (2), 695 S.E.2d 195 (2010) (citing that rule in case where charge on justification was unwarranted because there was no evidence that defendant had acted in self defense). It is also true that our Supreme Court has upheld a jury instruction "that, by raising an affirmative defense, [the defendant] had admitted the charged acts," McLean v. State , 297 Ga. 81, 82 (2), 772 S.E.2d 685 (2015), and that, in so holding, our Supreme Court cited one of the opinions of this court for the proposition that "to assert an affirmative defense, 'a defendant must admit the act, or he is not entitled to a charge on that defense.' " Id. at 83 (2), 772 S.E.2d 685 (citing Lightning v. State , 297 Ga. App. 54, 59-60 (5), 676 S.E.2d 780 (2009) ).[2] But the issue in McLean -and, as detailed below, in *321 Lightning -was the correctness of a jury charge that an affirmative defense admits the doing of the act. McLean's right to a charge on his affirmative defenses was not at issue: the trial court in McLean charged on those affirmative defenses-even though McLean also denied the act. See McLean , supra. Indeed McLean contains language affirming a defendant's right to pursue inconsistent alternative theories:
The existence of an alternative defense does not change the fact that the defendant admits the charged act for purposes of raising and presenting his affirmative defense, even if he denies it for other purposes.... If a defendant does pursue alternative defense theories that are both supported by the evidence, the trial court may fully charge on each theory.
Id. at 83 (2), 772 S.E.2d 685 (citations omitted).
The rule we construe today is one this court adopted without due consideration, if not accidentally. There is, I suppose, some justice in foreclosing arguments in the form, "it wasn't me, but if it was me...." But as noted above we do not foreclose inconsistent arguments in any other context.
And principles of stare decisis do not require us to continue following this rule. "When we consider whether an earlier decision ought to be reexamined, we consider a number of factors, including the age of the precedent, the reliance interests involved, the workability of the prior decision, and most importantly, the soundness of its reasoning." Southall v. State , 300 Ga. 462, 467 (1), 796 S.E.2d 261 (2017) (citation and punctuation omitted). As to the most important factor, we adopted this rule without justification, as explained above. The rule addresses an issue of criminal procedure, "not contract, property, or other substantive rights in which anyone has a significant reliance interest," id. (citation and punctuation omitted), and it would not prejudice anyone to permit defendants to pursue alternative defense theories. The current rule creates practical quandaries for defendants who, like McClure, have both a viable claim that he committed no crime and a viable claim that, if the jury believes him to have committed a crime, the act was justifiable or subject to another affirmative defense. See id. at 468 (1), 796 S.E.2d 261 (looking to practicality of precedents in stare decisis analysis). Finally, regarding the age of the rule, "[w]e have overruled precedents as old and older than [Hightower ,] and without more, than we have been wrong for many years is no reason to persist in the error." Southall , supra at 468 (1), 796 S.E.2d 261 (citation and punctuation omitted).
The rule relied upon by the majority should be overruled.
2. The rule that, in order to raise an affirmative defense, a defendant must admit the crime for all purposes should not be extended.
Even if we do not disapprove that rule, we should not extend it. McClure should not have been forced to admit the crime as charged . McClure had two mutually reinforcing points: 1) he claims to have acted in self-defense, and in defense of his home; and 2) he claims to have acted with restraint, particularly by not pointing the BB rifle at anyone. There was no sound reason to force him to choose between those two points. Forcing defendants to choose between waiving an affirmative defense or adopting the version of the facts set out in the indictment invests prosecutors with unwarranted power. It was unjust to force McClure to make that choice. And I would hold that it was error to do so.
I acknowledge that there is some factual similarity between this case and one on which the majority relies, Lightning v. State , 297 Ga. App. 54, 676 S.E.2d 780 (2009). Lightning was an appeal from convictions for aggravated assault and simple battery that arose out of an "argument [that] became a fight." Id. The defendants admitted to fighting-but denied kicking the victim in the head-and claimed self-defense. So, as here, the defendants admitted to conduct sufficient to sustain a conviction but denied some of the more egregious conduct alleged.
But the legal issue in Lightning was different. It was the propriety of a charge that "[a]n affirmative defense is a defense that admits the doing of the act charged. It does not admit that a crime was committed."
*322 Lightning , 297 Ga. App. at 59 (5), 676 S.E.2d 780. As noted above, that charge follows long standing Georgia law. So Lightning does not control our decision today.

Division 2 of Hightower , 224 Ga. App. at 704-705, 481 S.E.2d 867, states, in its entirety, as follows:
In the second enumeration of error, the appellant contends that "the trial court erred in failing to charge the jury that the state had the burden to prove that someone other than the appellant committed the crime."
Pretermitting the fact that, in Division 1, this Court held the defendant did not present any evidence to raise the defense of alibi, it is only affirmative defenses that the state has the burden of disproving beyond a reasonable doubt. State v. McNeill , 234 Ga. 696, 217 S.E.2d 281 (1975). Affirmative defenses are those in which the defendant admits doing the act charged, but seeks to justify, excuse, or mitigate it. State v. Moore , 237 Ga. 269, 227 S.E.2d 241 (1976) ; Perkins v. State , 151 Ga. App. 199, 259 S.E.2d 193 (1979).
The Georgia Supreme Court analogized the standard for charging on alibi to that of affirmative defenses in Rivers v. State , [250 Ga. 288, 298 S.E.2d 10 (1982) ], however, such analogy does not apply any further; the burden placed on the state of disproving an affirmative defense beyond a reasonable doubt does not apply to the defense of alibi. "Alibi is not truly an independent affirmative defense. It is simply evidence in support of a defendant's plea of not guilty, and should be treated merely as 'evidence tending to disprove one of the essential factors in the case of the prosecution, that is, presence of the defendant at the time and place of the alleged crime.' Stump v. Bennett , 398 F.2d 111, 115 (8th Cir. 1968) ; 21 AmJur2d 206, § 136; Anno. 29 ALR 1139; 67 ALR 138, 141; 124 ALR 471, 474." Parham v. State , 120 Ga. App. 723, 727, 171 S.E.2d 911 (1969). An alibi defense creates a reasonable doubt on behalf of the accused, and the state has the risk of failure to carry the burden of persuasion and, as a consequence, may fail to carry the standard of proof beyond a reasonable doubt.
With a legal affirmative defense, the accused admits the elements of the crime, but seeks to justify, excuse, or mitigate by showing no criminal intent; all elements of the parts of the crime are admitted with the exception of the intent. All defenses which have been held to be statutory affirmative defenses meet this criteria; i.e., justification, self-defense or defense of others, rendering assistance to law enforcement officers, defense of habitation, defense of property other than habitation, entrapment, and coercion. See OCGA §§ 16-3-20 through 16-3-28. Each of these affirmative defenses requires that the defendant admit the crime before he can raise such defense. In fact, even under the more general provision of OCGA § 16-3-20 (6), the defense of justification can only be claimed "in all other instances which stand upon the same footing of reason and justice as those enumerated in this article (Article 2 of Chapter 3 of Title 16)."
Therefore, contrary to appellant's assertions, the question that is before this Court is simply one of the sufficiency of the evidence. "On appeal we must view the evidence in the light most favorable to the verdict, Hightower no longer enjoys the presumption of innocence, and we do not weigh the evidence nor judge the credibility of the witnesses. Further, we do not speculate which evidence the jury chose to believe or disbelieve." (Citations and punctuation omitted.) Thompson v. State , 210 Ga. App. 655, 656, 436 S.E.2d 799 (1993). The evidence presented at trial was sufficient to authorize a rational trier of fact to find the appellant guilty beyond a reasonable doubt of violation of the Georgia Controlled Substances Act (distribution of cocaine). Jackson v. Virginia , 443 U.S. 307, 99 S.C[t]. 2781, 61 L.Ed.2d 560 (1979).
(Punctuation omitted.)

In quoting the proposition that "by raising an affirmative defense, [the defendant] had admitted the charged acts" alongside the proposition that a defendant must admit the act, or he is not entitled to a charge on that defense," the Supreme Court has left open the question whether the admission follows automatically from the assertion of an affirmative defense or whether some other act of admission is required. But it has not held that such an act is required, let alone specified the act.